

**Gracia Carabantes Abogados**
Pº Castellana, 177, 8ºC-2, CP 28046 Madrid
C/ Gil de Jasa, 6. 50.006 Zaragoza, España
Tel. (+ 34) 976 238 334 Fax (+ 34) 976 238 163
www.graciacarabantes.com



FILED
2021 AUG 10 AM 9:40
CLERK
U.S. BANKRUPTCY COURT
DISTRICT OF DELAWARE

April 16, 2021

To the attention of
Mr. Quinten Kruszka
ASK LLP
2600 Eagan Woods Drive, Suite 400
St. Paul, MN  55121
E-mail: qkruszka@askllp.com

*21-50679 CSS*

Subject *RESPONSE TO THE NOTICE OF INTENDED LITIGATION AND TO SETTLEMENT OFFER SENT ON DECEMBER 23, 2020.*

I hope you are well, and so are your family, friends and colleagues upon receiving this letter.

We address this letter to you on behalf of our client, the Spanish company IZCO PLÁSTICOS INDUSTRIALES S.L. (hereinafter IZCO), and in response to the letter sent by you on December 23, on behalf of Mr. Peter Kravitz, bankruptcy administrator of EXIDE HOLDINGS, INC., ET AL. (EXIDE), concerning to the Bankruptcy Case No. 20-11157.

In your letter, you claim from our client the return of some payments received by IZCO in the months prior to the declaration of bankruptcy of EXIDE.

Given this, I am afraid that IZCO should reject the claim raised by you in your letter, based on the following arguments.

**1º.- Lack of jurisdiction of the courts of the United States, both in accordance with European and Spanish regulations, as well as those of the United States.**

First of all, I must inform you that, in our opinion, the courts of the United States would not be competent to hear a claim against our client, in accordance with the regulations of the European Union and the Law of the Kingdom of Spain.

Regarding the REGULATION (EU) 1215/2012 OF THE EUROPEAN PARLAMENT AND OF THE COUNCIL of 12 December 2012 on jurisdiction and the recognition and enforcement of judgments in civil and commercial matters (art. 4.1. *): "Subject to this Regulation, persons domiciled in a Member State shall, whatever their nationality, be sued in the courts of that Member State."*

1



**Gracia Carabantes Abogados**
Pº Castellana, 177, 8ºC-2, CP 28046 Madrid
C/ Gil de Jasa, 6. 50.006 Zaragoza, España
Tel. (+ 34) 976 238 334 Fax (+ 34) 976 238 163
www.graciacarabantes.com

Also according to the Spanish legislation, the competent jurisdiction shall be that of the Courts of the Kingdom of Spain. Among others, such is the stipulation of the Ley Orgánica del Poder Judicial, art. 22.ter. *Article 22 ter. In matters other than those contemplated in articles 22, 22 sexies and 22 septies and if there is no submission to the Spanish Courts in accordance with article 22 bis, they will be competent when the defendant has his domicile in Spain or when so determined by any of the forums established in articles 22 quater and 22 quinquies.*

In brief, US tribunals have no jurisdiction when it comes to claim any amount of money to our client as long as he has his domicile in Spain.

Although I must admit that I have not passed the bar in any of the States of the United State, we have found out that US Courts consider that Section 547.b of your bankruptcy code, is not extraterritorial in nature, and cannot be alleged when the payment subject to review has occurred outside the United States.

According to the lasts discussions between U.S. courts: "*It is a longstanding principle of American law that legislation of Congress, unless a contrary intent appears, **is meant to apply only within the territorial jurisdiction of the United States.**" EEOC v. Arabian American Oil Co., 499 U.S. 244, 248 (1991).

In Spizz v. Goldfarb Seligman & Co. (In re Ampal-Am. Israel Corp.), 562 B.R. 601 (Bankr. S.D.N.Y. 2017), the bankruptcy court agreed with Madoff and Maxwell I that **the avoidance provisions of the Bankruptcy Code, including section 547(b), do not apply extraterritorially**. According to the court, "*Property transferred to a third party prior to bankruptcy . . . is neither property of the estate nor property of the debtor at the time the bankruptcy case is commenced, the only two categories of property mentioned in Bankruptcy Code § 541(a)(1).*" The court also wrote that "*the Begier Court's conclusion that 'property of the debtor' is best understood as property that would have become 'property of the estate' but for the transfer does not support the French and BLI courts' interpretation of section 548.*" In Begier, the court explained, the Supreme Court read section 541(a) "*as a limitation on the trustee's avoiding powers, not as an expansion of those powers.*"

The Ampal-American court noted that, although some provisions of the Bankruptcy Code and corresponding jurisdictional statutes, such as section 541(a) and 28 U.S.C. §



**Gracia Carabantes Abogados**
Pº Castellana, 177, 8ºC-2, CP 28046 Madrid
C/ Gil de Jasa, 6. 50.006 Zaragoza, España
Tel. (+ 34) 976 238 334 Fax (+ 34) 976 238 163
www.graciacarabantes.com

1334(e)(1), contain clear statements which they apply extraterritorially, **section 547 does not**—nor, it added in a footnote, does section 548. Because the transfer at issue occurred outside the U.S., the court ruled that it could not be avoided by the trustee.

Therefore, this rule established in the U.S. Bankruptcy Code cannot be used as a way to claim any amount of money to a creditor from outside the U.S. Specially if the Creditors have their statutory domicile in Spain and manage their business in Spain, making operations also with Spanish companies and not only in the U.S.

**2.- Ordinary payments due to ordinary purchases. Impossibility of canceling payments made in the course of ordinary operations, both in application of the Legislation of the Kingdom of Spain, and the Law of the United States.**

It is important to inform you that the payments you refer to in your letter, that IZCO received from EXIDE before the bankruptcy declaration, were in payment of invoices issued by IZCO many months before, and that those payments were not only not advanced with respect to the stipulated date, but that they were delayed.

We enclose a summary of the invoices issued by IZCO in the months prior to the declaration of insolvency by EXIDE, so that you can verify that the invoices to which your letter refers were paid within the normal payment terms.

We consider the Law of the Kingdom of Spain applicable.

The Spanish Bankruptcy Law establishes: *Article 230. In no case may the following be subject to rescission: 1. º The ordinary acts of the debtor's professional or business activity that would have been carried out under normal conditions.*

The amounts paid by EXIDE, and claimed by you, were due to several operations made between the EXIDE and IZCO in the lasts years, with dozens of purchases from EXIDE to IZCO. They were ordinary payments of ordinary purchases. Therefore, in no case these operations can be subject to rescission, according to the Spanish Law.



**Gracia Carabantes Abogados**
Pº Castellana, 177, 8ºC-2, CP 28046 Madrid
C/ Gil de Jasa, 6. 50.006 Zaragoza, España
Tel. (+ 34) 976 238 334 Fax (+ 34) 976 238 163
www.graciacarabantes.com

Additionally, according to what you explained in your letter, if the United States Bankruptcy Code were the applicable Law, the claim for the refund of payments received by IZCO would not proceed either, since it shall be applicable the exemption of the ordinary course of business defense under subsection 547 (c)(2) of the US Bankruptcy Code.

Taking into account what has been explained above, we believe that there is no basis for IZCO to return the amounts it received as payment for the supplies made to EXIDE.

Therefore, we ask you to confirm that you desist from filing any claim against IZCO PLÁSTICOS, by mail to wgracia@graciacarabantes.com.

Best regards

NOMBRE GRACIA ZUBIRI FRANCISCO WENCESLAO - NIF 25465288X
Firmado digitalmente por NOMBRE GRACIA ZUBIRI FRANCISCO WENCESLAO - NIF 25465288X
Fecha: 2021.04.16 20:17:37 +02'00'

F. Wenceslao Gracia
Lawyer-partner
GRACIA CARABANTES ABOGADOS

4

| FACTURA / INVOICE | FECHA / INVOICE DATE | CODIGO / CODE | CLIENTE / CUSTOMER | IMPORTE / AMOUNT (€) | FECHA VENCIMIENTO / DUE DATE | FECHA COBRO / PAYMENT DATE | COMENTARIOS | USD (según carta 08-01-21 ASK CLAIM) |
|---|---|---|---|---|---|---|---|---|
| 190063 | 30-01-19 | 4340001 | EXIDE TECHNOLOGIES | 28.082,70 | 31-03-19 | 03-05-19 | | |
| 190099 | 20-02-19 | 4340001 | EXIDE TECHNOLOGIES | 3.159,30 | 21-04-19 | 24-04-19 | | |
| 190100 | 20-02-19 | 4340001 | EXIDE TECHNOLOGIES | 28.433,73 | 21-04-19 | 24-04-19 | | |
| 190138 | 08-03-19 | 4340001 | EXIDE TECHNOLOGIES | 4.095,39 | 07-05-19 | 15-05-19 | | |
| 190139 | 08-03-19 | 4340001 | EXIDE TECHNOLOGIES | 27.497,64 | 07-05-19 | 15-05-19 | | |
| 190196 | 27-03-19 | 4340001 | EXIDE TECHNOLOGIES | 5.031,48 | 26-05-19 | 21-06-19 | | |
| 190197 | 27-03-19 | 4340001 | EXIDE TECHNOLOGIES | 26.561,55 | 26-05-19 | 21-06-19 | | |
| 190224 | 15-04-19 | 4340001 | EXIDE TECHNOLOGIES | 6.966,54 | 14-06-19 | 21-06-19 | | |
| 190225 | 15-04-19 | 4340001 | EXIDE TECHNOLOGIES | 24.382,89 | 14-06-19 | 21-06-19 | | |
| 190378 | 24-06-19 | 4340001 | EXIDE TECHNOLOGIES | 21.000,00 | 23-08-19 | 09-09-19 | | |
| 190432 | 22-07-19 | 4340001 | EXIDE TECHNOLOGIES | 3.382,95 | 20-09-19 | 15-10-19 | | |
| 190446 | 21-08-19 | 4340001 | EXIDE TECHNOLOGIES | 7.812,02 | 20-10-19 | 04-11-19 | | |
| 190447 | 21-08-19 | 4340001 | EXIDE TECHNOLOGIES | 23.669,24 | 20-10-19 | 04-11-19 | | |
| 190526 | 24-09-19 | 4340001 | EXIDE TECHNOLOGIES | 116,60 | 23-11-19 | 03-12-19 | | |
| 190527 | 24-09-19 | 4340001 | EXIDE TECHNOLOGIES | 8.744,79 | 23-11-19 | 03-12-19 | | |
| 190528 | 24-09-19 | 4340001 | EXIDE TECHNOLOGIES | 22.619,87 | 23-11-19 | 03-12-19 | | |
| 190596 | 23-10-19 | 4340001 | EXIDE TECHNOLOGIES | 9.984,00 | 22-12-19 | 22-01-20 | | |
| 190681 | 02-12-19 | 4340001 | EXIDE TECHNOLOGIES | 9.490,31 | 31-01-20 | 03-03-20 | RECLAMADO POR ASK LLP_carta rec 08-01-20 | 10.594,37 |
| 190682 | 02-12-19 | 4340001 | EXIDE TECHNOLOGIES | 21.758,27 | 31-01-20 | 03-03-20 | RECLAMADO POR ASK LLP_carta rec 08-01-20 | 24.289,54 |
| 200057 | 03-02-20 | 4340001 | EXIDE TECHNOLOGIES | 10.230,37 | 03-04-20 | 11-05-20 | RECLAMADO POR ASK LLP_carta rec 08-01-20 | 11.115,12 |
| 200058 | 03-02-20 | 4340001 | EXIDE TECHNOLOGIES | 20.805,59 | 03-04-20 | 11-05-20 | RECLAMADO POR ASK LLP_carta rec 08-01-20 | 22.604,92 |
| 200094 | 02-02-20 | 4340001 | EXIDE TECHNOLOGIES | 11.149,96 | 28-04-20 | IMPAGO | DEUDA RECLAMADA A PRIME | 12.209,21 |
| 200095 | 28-02-20 | 4340001 | EXIDE TECHNOLOGIES | 6.583,20 | 28-04-20 | 11-05-20 | RECLAMADO POR ASK LLP_carta rec 08-01-20 | 7.152,54 |
| 200139 | 23-03-20 | 4340001 | EXIDE TECHNOLOGIES | 17.242,20 | 22-05-20 | IMPAGO | DEUDA RECLAMADA A PRIME | 18.880,21 |
| 200182 | 24-04-20 | 4340001 | EXIDE TECHNOLOGIES | 17.160,53 | 28-06-20 | 20-07-20 | | |
| | | 4340001 | EXIDE USA | -28.392,16 | IMPAGO | | LLEVADO A CREDITOS INCOBRABLES | |

| € | | |
|---|---|---|
| 68.867,74 | RECLAMADO POR ASK LLP_carta rec 08-01-20 | 75.756,49 |
| 28.392,16 | DEUDA RECLAMADA A PRIME | 31.089,42 |

DE CARTA RECIBIDA 08/01/21 DE ASK CLAIM (página 5)

| Debtor Transferor(s) | Debtor(s) Incurring Antecedent Debt | Check Number | Check Amt | Clear Date | Invoice Number | Invoice Date | Invoice Amt |
|---|---|---|---|---|---|---|---|
| Exide Technologies, LLC | Exide Technologies, LLC | Wire:35700 | $40,872.58 | 5/8/2020 | 200058 | 2/3/2020 | $22,604.92 |
| Exide Technologies, LLC | Exide Technologies, LLC | Wire:35700 | $40,872.58 | 5/8/2020 | 200095A | 2/28/2020 | $7,152.54 |
| Exide Technologies, LLC | Exide Technologies, LLC | Wire:35481 | $34,883.91 | 3/2/2020 | 190682 | 12/2/2019 | $24,289.54 |
| Exide Technologies, LLC | Exide Technologies, LLC | Wire:35481 | $34,883.91 | 3/2/2020 | 190681 | 12/2/2019 | $10,594.37 |
| Exide Technologies, LLC | Exide Technologies, LLC | Wire:35700 | $40,872.58 | 5/8/2020 | 200057 | 2/3/2020 | $11,115.12 |

Totals:    2 transfer(s),    $75,756.49

FILED

2021 AUG 10  AM 9: 43

CLERK
U.S. BANKRUPTCY COURT
DISTRICT OF DELAWARE

Recibido
correo postal
19 07.21

US PC

$007.32

Officer, Managing or General Agent
IZCO PLASTICOS INDUSTRIALES S.L.
Ctra. Valencia Km. 10 - Pol.
Santa Fe, Nave 13
Cuarte de Huerva (Zaragoza)  50410
Spain

t. Paul, MN 55121

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Exide Holdings, Inc., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-11157 (CSS)<br><br>(Jointly Administered) |
| Peter Kravitz, as GUC Trustee of the<br>GUC Trust of Exide Holdings, Inc., *et al.*,<br><br>Plaintiff,<br>vs.<br><br>Defendants Listed on Exhibit "A",<br>Defendant. | Obj. Deadline: July 27, 2021 at 4:00 p.m. (ET)<br>Hrg. Date: August 31, 2021 at 10:00 a.m. (ET)<br><br>Adv. No. See Exhibit "A" |

### NOTICE OF HEARING AND RESPONSE DATE FOR MOTION AND
### DEFENDANTS' ELECTION AS TO PROCEDURES ORDER TRACK

**PLEASE TAKE NOTICE** that Peter Kravitz, as GUC Trustee of the GUC Trust of Exide Holdings, Inc. (the "Plaintiff" or "Trustee") has filed *Plaintiff's Motion for Orders Establishing Streamlined Procedures Governing Adversary Proceedings Brought by Plaintiff Pursuant to 11 U.S.C. §§ 502, 547, 548, 549 and 550 of the Bankruptcy Code* (the "Procedures Motion") with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").[2]

Your rights might be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult an attorney).

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are Exide Holdings, Inc. (5504), Exide Technologies, LLC (2730), Exide Delaware LLC (9341), Dixie Metals Company (0199), and Refined Metals Corporation (9311). The Debtors' mailing address is 13000 Deerfield Parkway, Building 200, Milton, Georgia 30004.

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Procedures Motion.

**PLEASE TAKE FURTHER NOTICE** that the Procedures Motion requests that the Court

enter separate procedure orders for adversary proceedings based on the total amount in

controversy: (a) one for cases with total amount in controversy less than or equal to $75,000.00;

and (b) one for cases with total amount in controversy greater than $75,000.00.

      a.    All cases with total transfers **equal to or less than $75,000** are currently placed on Exhibit 1 to the proposed order attached as Exhibit B to the Procedures Motion, which proposed order provides that mediation occurs prior to formal discovery. Any Defendant currently listed on Exhibit 1 to Exhibit B to the Procedures Motion who wishes to be placed on Exhibit 2 to the proposed order attached as Exhibit C to the Procedures Motion, which proposed order provides for formal discovery prior to mediation, must fill out the enclosed election form and send to Plaintiff's counsel either (1) by scanning the ballot and emailing it to the email address listed on the balloting form or (2) by mailing the ballot to the address listed on the balloting form. **This ballot must be sent so as to be received by Plaintiff's counsel no later than 4 p.m. ET on July 27, 2021.** If you wish to remain on Exhibit 1 to Exhibit B to the Procedures Motion, which provides for mediation prior to formal discovery, you do not have to fill out any form.

      b.    If a Defendant notifies the Plaintiff by this deadline, the Plaintiff will move the Defendant(s) in cases with total transfers equal to or less than $75,000.00 that requested the change to the proposed order attached as Exhibit C to the Procedures Motion. **Should a Defendant not notify Plaintiff of its election to move to Exhibit C by the deadline, that Defendant is deemed to have waived its right to elect to change orders.**

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Procedures Motion

must be in writing, filed with the Clerk of the Bankruptcy Court, 824 North Market Street, 3rd

Floor, Wilmington, Delaware 19801, and served, so as to be received by the undersigned no later

than **July 27, 2021 at 4:00 p.m. (ET)** (the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** that if an objection is timely filed, served, and

received, and such objection is not otherwise timely resolved, a hearing to consider such objection

to the Motion will be held before the Honorable Christopher S. Sontchi, United States Bankruptcy

Judge, at the Bankruptcy Court, 824 North Market Street, 5th Floor, Courtroom 6, Wilmington,

Delaware 19801 on **August 31, 2021 at 10:00 a.m. (ET)**. Only those objections that are timely filed and served so as to be received by the Notice Parties on or before the Objection Deadline will be considered by the Court.

**PLEASE TAKE FURTHER NOTICE THAT IF AN OBJECTION IS NOT FILED, SERVED, AND RECEIVED BY THE OBJECTION DEADLINE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE MOTION WITHOUT FURTHER HEARING OR NOTICE.**

Dated: July 13, 2021

CONNOLLY GALLAGHER LLP

*/s/ N. Christopher Griffiths*
N. Christopher Griffiths (#5180)
Lisa Hatfield (#4967)
1201 North Market Street, 20th Floor
Wilmington, Delaware 19801
Telephone: (302) 888-6313
Email: cgriffiths@connollygallagher.com
            lhatfield@connollygallagher.com

*-and-*

**ASK LLP**

Joseph L. Steinfeld, Jr., Esq., MN SBN 0266292
Kara E. Casteel, Esq. MN SBN 0389115
2600 Eagan Woods Drive, Suite 400
St. Paul, MN 55121
Telephone: 651-289-3846
Fax: (651) 406-9676
Email: kcasteel@askllp.com

*Counsel for Plaintiff*

# Exhibit "A"

| Defendant Name | Adversary Number |
|---|---|
| 479 Sales and Marketing, LLC | 21-50560 |
| A. Routsis Associates, Inc. dba Routsis Training Inc. | 21-50763 |
| ACI Holding, LLC dba American Combustion International | 21-50766 |
| Addenda LLC dba Addenda Corporation | 21-50767 |
| Advance Filter LLC | 21-50769 |
| Advanced Geoservices Corp. | 21-50561 |
| AECOM Technical Services, Inc. | 21-50770 |
| Air Products and Chemicals, Inc. | 21-50562 |
| AJ's Electrical Testing & Services, L.L.C. dba Southern Substation | 21-50771 |
| Algonquin Power & Utilities Corp. dba Liberty Utilities Group | 21-50563 |
| Allegheny Trucking, Inc. | 21-50564 |
| Allied Oil & Tire Company | 21-50772 |
| Almega Environmental & Technical Services, Inc. | 21-50565 |
| Alta Environmental, L.P. fdba Winfield & Associates | 21-50566 |
| American Electric Equipment Company | 21-50567 |
| American Integrated Services, Inc. | 21-50568 |
| American Stock Transfer & Trust Company, LLC | 21-50774 |
| Amer-Sil | 21-50569 |
| Andrew County Oil, Inc. | 21-50775 |
| Andy Mohr Truck Center, Inc. | 21-50776 |
| Anixter Inc. | 21-50570 |
| Anthony Dwayne Stanford, Sr. | 21-50777 |
| Antikainen, Inc. dba Industrial Battery Service Inc | 21-50571 |
| Aon Consulting, Inc. | 21-50572 |
| AP Global Management LLC. | 21-50573 |
| Applied Industrial Technologies, Inc. | 21-50574 |
| Applied Industrial Technologies, Inc. | 21-50779 |
| Arch Technology Solutions LLC | 21-50780 |
| Arundel Recycling Center, Inc. | 21-50575 |
| Atmos Energy Corporation | 21-50781 |
| Attlin Construction Inc | 21-50576 |
| Augeo Affinity Marketing, Inc. fdba MotivAction LLC | 21-50577 |
| Auto Care Association | 21-50783 |
| Automotive Core Supply, Inc. dba ACS, Inc. | 21-50578 |
| Avient Corporation dba PolyOne Distribution | 21-50579 |

| | |
|---|---|
| B. C. MacDonald & Company | 21-50784 |
| B. J. Baldwin Electric Inc. | 21-50785 |
| Battery Outfitters, Inc. | 21-50580 |
| Battery Warehouse of Alexandria, Inc. | 21-50581 |
| BCD Awning Specialists, Inc. | 21-50582 |
| Bergey's Trucks, Inc. dba Bergey's Truck Centers | 21-50786 |
| Bernath Construction, Inc. | 21-50583 |
| Best Lucky International Enterprise Corp. | 21-50584 |
| BNSF Railway Company dba BNSF Strategic Sourcing & Supply | 21-50585 |
| Borg Warner Systems Lugo S.r.l. | 21-50586 |
| BreakthroughFuel LLC | 21-50787 |
| Brenntag Mid-South Inc. | 21-50587 |
| Brenntag Southwest, Inc. | 21-50588 |
| Bristol Tennessee Essential Services dba Bristol Tennessee Electric System | 21-50589 |
| BriteWorks, Inc. | 21-50590 |
| BRL Holdings LLC dba Regency Metals | 21-50591 |
| Butler Tool, Inc. | 21-50789 |
| C.T. Sistemi Plastici | 21-50592 |
| Cabot Corporation | 21-50593 |
| Cal-Craft Design International, Inc. | 21-50594 |
| California Water Service Group dba California Water Service | 21-50595 |
| Capital Trailer & Equipment Co., Inc. | 21-50790 |
| Castlerock Environmental, Inc. | 21-50596 |
| CAT Factory LLC | 21-50791 |
| Cellusuede Products, Inc. | 21-50597 |
| Central Industrial Contractors, Inc. | 21-50598 |
| Chad A. Haynes dba Allpak Battery | 21-50599 |
| Chainalytics LLC | 21-50792 |
| Chemstation of Kansas, Inc. | 21-50793 |
| Chemtrade Logistics (US), Inc. | 21-50600 |
| Cintas Corporation | 21-50794 |
| Cleveland Mack Sales, Inc. dba Performance Truck - Cleveland | 21-50601 |
| Climate Engineers, LLC fdba Climate Engineers Inc. | 21-50602 |
| Connection Chemical, LP | 21-50603 |
| Convoy, Inc. | 21-50604 |
| Copps Industries, Inc. | 21-50605 |
| Corp Pipsa SA de CV | 21-50795 |
| Corpipsa, LLC | 21-50606 |
| Coyote Logistics, LLC | 21-50607 |

| | |
|---|---|
| Craig Batteries, Incorporated | 21-50608 |
| Crown Equipment Corporation | 21-50797 |
| Custom Pallet Recycling, LLC | 21-50798 |
| Daramic, LLC fdba Daramic Inc. | 21-50609 |
| Dawn UK Holdco LImited | 21-50799 |
| Day-Star Corporation | 21-50801 |
| Del Earl Downey aka Delbert Downey dba Liberty Batteries and Heavy Duty's Tire and Battery | 21-50887 |
| Dell Inc. | 21-50610 |
| Delta-Q Technologies Corp. | 21-50611 |
| DET Logistics (USA) Corporation | 21-50612 |
| DMG20, Inc. fdba Battery Solutions, Inc. | 21-50613 |
| DMP Corporation | 21-50802 |
| Drummond Company, Inc. dba ABC Coke | 21-50614 |
| Duff & Phelps, LLC | 21-50616 |
| Dynaform Technologies, Inc. | 21-50804 |
| EDP Acquisitions, LLC fdba Englander dZignPak LLC | 21-50618 |
| Electronic Environments Co. LLC | 21-50805 |
| Element Fleet Management Corp. | 21-50619 |
| Engineered Distribution Specialties, LLC dba EnDISys | 21-50806 |
| Engineered Equipment Company of Alaska, Inc. | 21-50808 |
| Entergy Corporation | 21-50809 |
| Environmental Recovery Services, Inc. | 21-50621 |
| Epiq Class Action & Claims Solutions, Inc. | 21-50810 |
| Equipment Depot, Inc. | 21-50623 |
| ESCA Tech, Inc. | 21-50627 |
| Estes Forwarding Worldwide LLC | 21-50813 |
| Eurofins Calscience, LLC fdba Eurofins Calscience Inc. | 21-50629 |
| Evergy, Inc. fdba Westar | 21-50630 |
| Ferro Magnetics Corporation | 21-50632 |
| FirstEnergy Corp. dba Met-Ed | 21-50814 |
| Flexport, Inc. | 21-50634 |
| French Ellison Truck Center, LLC | 21-50815 |
| Froetek-Plastic Technology Corp. | 21-50635 |
| GAP VII GB (KCI) LLC | 21-50637 |
| Garage Door Systems, LLC dba Overhead Door Co. of Muncie | 21-50640 |
| Gateway Industrial Power, Inc. | 21-50642 |
| Gauthier Non-Ferrous Products Inc. | 21-50643 |
| Georgia Power Company | 21-50645 |
| Gerrie Electric Wholesale Ltd | 21-50647 |

| | |
|---|---|
| Goodhart Sons, Inc. | 21-50648 |
| Gotcha Transport, Inc. | 21-50650 |
| Grafika Commercial Printing, Inc. dba Grafika Printing, Inc. | 21-50651 |
| Greg's Cleaning Service, Inc. | 21-50817 |
| Gunter Machine & Tool, LLC | 21-50653 |
| H P Products Corporation | 21-50818 |
| HADI Maschinenbau Ges.mbH | 21-50655 |
| Haley & Aldrich, Inc. | 21-50819 |
| Harcros Chemicals Inc. | 21-50656 |
| Harshman Machine and Tool Co. | 21-50820 |
| Henke Engineering, LLC | 21-50658 |
| Heritage Environmental Services, LLC | 21-50660 |
| Hexacomb Corporation | 21-50663 |
| Hickory Springs Manufacturing Company dba HSM | 21-50665 |
| Hohenschild Welders Supply Company | 21-50821 |
| Hoist & Crane Service Group, Inc. | 21-50822 |
| Holcim (US) Inc. | 21-50666 |
| Holland Applied Technologies, Inc. | 21-50667 |
| Hunter's Battery Warehouse, Inc. | 21-50823 |
| Husker Battery Service, Corp. fdba H.B.S.C. Metals Brokerage | 21-50668 |
| Hydra-Matic Packing Company, Inc. | 21-50670 |
| IBT, Inc. | 21-50672 |
| Industrial Restoration Systems, Inc. | 21-50674 |
| Innerworkings, Inc. | 21-50675 |
| Insight Direct USA, Inc. dba Insight Enterprises | 21-50677 |
| Izco Plasticos Industriales, S.L. | 21-50679 |
| J & P Vending Pros, Inc. | 21-50824 |
| J & R Enterprises, LLC | 21-50681 |
| J and R Manufacturing, Inc. | 21-50825 |
| J. J. Keller & Associates, Inc. | 21-50826 |
| J. Parent Design LLC | 21-50827 |
| J.M. Bozeman Enterprises, Inc. | 21-50682 |
| Javaid Rahim Bakhsh dba J. Bakhsh Consulting | 21-50828 |
| Jefferson Battery Co., Inc. | 21-50829 |
| Jonjo Transport Refrigeration Ltd, dba Thermo King Eastern Canada | 21-50830 |
| JX Enterprises, Inc. dba JX Peterbilt-Lansing | 21-50831 |
| Kallstrom Engineering Systems AB | 21-50684 |
| Kardon Enterprises, Inc. fdba HML, Inc. aka Hoosier Microbiological Laboratory | 21-50832 |
| KBX Logistics, LLC | 21-50686 |

| | |
|---|---|
| KC Cleaning Services LLC | 21-50688 |
| Kekst and Company, Incorporated | 21-50690 |
| Keppler Steel and Fabricating Inc. | 21-50691 |
| Keramida Environmental, Inc. | 21-50833 |
| KW Plastics | 21-50834 |
| Lancaster Mold, Inc. | 21-50615 |
| Landis Mechanical Group, Inc. | 21-50617 |
| Lantec Products, Inc. | 21-50835 |
| Leoch Battery Pte Ltd | 21-50620 |
| LignoTech USA, Inc. | 21-50622 |
| LinkEx, Inc. | 21-50624 |
| Liquitech, Inc. | 21-50836 |
| LMA Industrial S.a. | 21-50625 |
| Longhorn International Equipment, Inc. | 21-50626 |
| Louis Padnos Iron and Metal Company dba Padnos | 21-50837 |
| Louisiana Battery Warehouse -- Shreveport, Inc. dba Louisiana Battery Co. | 21-50628 |
| M.A. Industries, Inc. | 21-50838 |
| MAC Engineering and Equipment Company, Inc. | 21-50631 |
| MacAllister Machinery Co Inc dba MacAllister Cat Muncie | 21-50633 |
| Management Strategies Group, Inc. | 21-50839 |
| Marsh USA Inc. dba Marsh, Inc. | 21-50636 |
| Masonlift Limited | 21-50840 |
| Mast Trucking Inc | 21-50638 |
| Matheson Tri-Gas, Inc. | 21-50639 |
| McCormick-Busse, Incorporated dba MBI Media | 21-50641 |
| McMaster-Carr Supply Company | 21-50644 |
| Merrill Lynch & Co., Inc. | 21-50646 |
| Mersen USA Ace Corp. | 21-50841 |
| Meyer Laboratory, Inc. | 21-50842 |
| Michigan Kenworth, LLC dba Michigan KW - Dearborn | 21-50843 |
| Micromeritics Instrument Corporation | 21-50649 |
| Mid-America Parts Distributors Corp. | 21-50844 |
| Miles Chemical Company, Inc. | 21-50845 |
| Mil-Spec Packaging of GA., Inc. | 21-50846 |
| Mississippi Lime Company | 21-50652 |
| Muncie Sanitary District | 21-50654 |
| National Rubber Technologies Corp | 21-50657 |
| Nefab Packaging North Central, LLC | 21-50659 |
| NorFalco LLC | 21-50661 |

| | |
|---|---|
| Norfolk Southern Railway Company | 21-50662 |
| Northeast Battery & Alternator, LLC | 21-50664 |
| Northwest Volvo Truck, Inc. dba TEC Portland | 21-50848 |
| Northwest Volvo Trucks, Inc. | 21-50849 |
| Oak Press Solutions Inc. | 21-50669 |
| Ohio Transmission LLC dba Ohio Transmission & Pump | 21-50850 |
| One Gas, Inc. dba Kansas Gas Service | 21-50671 |
| Open Text Inc. fdba Guidance Software | 21-50673 |
| Organizacion Industrial Vega S.A. de C.V. | 21-50676 |
| P.A.M. Transport, Inc. | 21-50678 |
| Pallet Distributors, Inc. dba E-Pallets, Inc. | 21-50680 |
| Pelican Industries & Fabricating Company, Inc. dba Pelican Industries Inc. | 21-50851 |
| Penske Truck Leasing Co., L.P. | 21-50683 |
| Peterson Trucks, Inc. | 21-50852 |
| Philadelphia Scientific LLC | 21-50685 |
| Phoenixx, L.P. | 21-50687 |
| Piedmont National Corporation | 21-50689 |
| Piedmont Risk Management, LLC | 21-50853 |
| Plastic Process Engineering Associates, Inc. dba PPE Associates, Inc. | 21-50854 |
| Power Designers USA LLC | 21-50692 |
| Premier Magnesia, LLC | 21-50693 |
| Process and Power, Inc. | 21-50855 |
| Process Equipment Company dba Proheat Inc. | 21-50694 |
| PSK, L.L.C. dba Overhead Door Company of Cedar Rapids and Iowa City | 21-50856 |
| PSMG, Inc. dba PACWEST Security Services | 21-50695 |
| Regenergy, Inc. | 21-50696 |
| Reliable Batteries, Inc. | 21-50697 |
| Re-Man Shack, Inc. IV dba Advantage Power Battery of Oklahoma | 21-50698 |
| Resource Plastics, LLC | 21-50699 |
| Resources Alloys and Metals, Inc. | 21-50700 |
| Richardson Molding, LLC | 21-50701 |
| Roles Marketing International, Inc. | 21-50702 |
| Rope & Plastic Sales (USA) Pty Ltd. | 21-50703 |
| Rosendahl Nextrom GMBH | 21-50704 |
| RSR Corporation | 21-50705 |
| RT Industrial Companies, LLC | 21-50857 |
| Rush Enterprises, Inc. dba Rush Truck Center-Fontana | 21-50858 |
| Rush Truck Centers of Illinois, Inc. | 21-50706 |

| | |
|---|---|
| Rush Truck Centers of Ohio, Inc. dba Rush Truck Center, Dayton & Cincinnati | 21-50707 |
| Rush Truck Centers of Texas, L.P. dba Rush Peterbilt Truck Center, Dallas & Ft. Worth | 21-50708 |
| Russell Equipment, Inc. | 21-50709 |
| Safety-Kleen Systems, Inc. | 21-50859 |
| Saia Motor Freight Line, LLC | 21-50710 |
| Sanders Lead Company, Inc. | 21-50711 |
| Sanders Mechanical Services | 21-50713 |
| SBMC Atlanta, L.L.C. | 21-50714 |
| Scandinavian Steel AB | 21-50715 |
| SeaGate Plastics Company | 21-50716 |
| Sebang Global Battery Co. Ltd. | 21-50717 |
| Securitas Security Services USA, Inc. | 21-50718 |
| Shoppas Mid America, LLC | 21-50860 |
| SMC, LLC | 21-50719 |
| Solar Electric Supply, Inc. | 21-50861 |
| South Texas Truck Centers, LLC dba Mack Trucks of Texas, LLC | 21-50862 |
| Stalcop, LLC | 21-50720 |
| Start-All Enterprise Co. | 21-50721 |
| Stauffer Manufacturing Company | 21-50722 |
| STM, Inc. | 21-50723 |
| Stoner Incorporated | 21-50863 |
| Symtrax Corporation | 21-50864 |
| Synterra Corporation | 21-50724 |
| T and S Trading, Inc. | 21-50725 |
| Tasco, LLC | 21-50726 |
| TEC Equipment, Inc. | 21-50865 |
| TEC of California, Inc. dba TEC La Mirad | 21-50866 |
| TestAmerica Laboratories, Inc. | 21-50727 |
| The Kansas City Southern Railway Company | 21-50867 |
| The Knapp Supply Company Inc | 21-50728 |
| The Laureldale Borough Collector | 21-50868 |
| The NPD Group, Inc. | 21-50729 |
| The Parish Group, L.L.C. | 21-50730 |
| The Raymond Corporation | 21-50731 |
| The Republic Group Corporation dba The Republic Group | 21-50732 |
| The Sourcing Group LLC | 21-50733 |
| Thomas Anthony Etchart | 21-50869 |
| Thornton & Musso Water Treatment Consultants, Inc. | 21-50734 |

| | |
|---|---|
| TNT Battery Company, Inc. | 21-50735 |
| Tonolli Canada Ltd | 21-50736 |
| Toyota Material Handling, Inc. dba Toyota Starlift Parts | 21-50870 |
| TranSource, Inc. | 21-50871 |
| Transportation Impact, LLC | 21-50872 |
| Transportation Products Sales Company, Inc. | 21-50737 |
| TRISTAR Risk Enterprise Management, Inc. | 21-50738 |
| Tri-State Battery Supply, Inc. | 21-50739 |
| Tri-State Truck Center, Inc. | 21-50873 |
| TVH Parts Co. dba Superior Signals Inc. | 21-50740 |
| U. S. Xpress, Inc. | 21-50741 |
| Uber Freight LLC | 21-50742 |
| UGI Utilities, Inc. | 21-50743 |
| UL LLC | 21-50744 |
| United Rentals, Inc. | 21-50745 |
| UR Services, Inc. | 21-50746 |
| Vandapower LLC | 21-50747 |
| Vanguard Truck Center of El Paso, LLC | 21-50874 |
| Vanguard Truck Centers, LLC fka Volvo and GMC Trucks of Atlanta | 21-50875 |
| Ventura Transfer Company | 21-50876 |
| Veritiv Operating Company | 21-50748 |
| Vertical Development, Inc. | 21-50877 |
| Victory Packaging, L.P. | 21-50749 |
| Virginia Truck Center of Central Virginia, LLC dba Excel Truck Group fdba Virginia Truck Center | 21-50878 |
| VISCO2LL, Inc. dba VISCO Supply | 21-50750 |
| Vision Environmental Limited Liability Company | 21-50879 |
| Wabash Industrial Services, LLC | 21-50751 |
| Waller Logistics, Inc. dba Waller Truck Co., Inc. | 21-50752 |
| Water Gremlin Company | 21-50753 |
| Western Peterbilt, LLC dba Western Truck Center | 21-50880 |
| WestRock Container, LLC dba Kapstone Container Corporation | 21-50881 |
| Westrux International, Inc. | 21-50754 |
| WEX Bank fdba Wright Express Financial Services Corporation | 21-50755 |
| Wiese USA, Inc. | 21-50756 |
| Wildman Business Group, LLC dba Wildman Facility Services | 21-50757 |
| WIN-MAR Freight Management Inc. | 21-50882 |
| Wiring by Wall, inc. | 21-50883 |
| Wirtz Manufacturing Company, Inc. | 21-50758 |

| Wolters Kluwer United States Inc. dba CT Corporation System | 21-50884 |
| Zorch International, Inc. | 21-50885 |

* 307 Adversary Proceedings

## BALLOT FOR DEFENDANT'S ELECTION AS TO PROCEDURES ORDER TRACK

Please provide name and adversary proceeding number of the Defendant completing this ballot:

_____                    _____

Defendant Name                                             Adversary Proceeding Number

**Please note:** This ballot question is **only** for Defendants with cases with total amount in controversy less than or equal to $75,000.00.

**BALLOT QUESTION**: If you are currently listed on Exhibit 1 to Exhibit B to the Procedures Motion (proposed Procedures Order for cases with total amount in controversy less than or equal to $75,000.00), which order provides for mediation prior to discovery, and you elect instead to be moved to Exhibit 2 to Exhibit C to the Procedures Motion (proposed Procedures Order for cases with total amount in controversy greater than $75,000.00), which provides for discovery prior to mediation, you may elect to be moved to the Exhibit C by checking the box below. **If you wish to remain on Exhibit 1 to Exhibit B to the Procedures Motion, which provides for mediation prior to discovery, you do not have to fill out any form.**

☐     By checking this box, Defendant hereby consents to be moved to Exhibit 2 to Exhibit C, the Procedures Order for cases with total amount in controversy greater than $75,000.00

**Please return Ballot to:**

**Via mail:**

ASK LLP
Attn: Laurie N.P. Miskowiec
2600 Eagan Woods Drive, Suite 400
St. Paul, MN 55121

**Via Email:** lmiskowiec@askllp.com

**\*\*AS INDICATED IN THE NOTICE OF MOTION, DEFENDANTS WISHING TO FILL IN THIS BALLOT MUST DO SO ON OR BEFORE JULY 27, 2021. LATE BALLOTS WILL NOT BE MOVED TO A DIFFERENT ORDER \*\***

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Exide Holdings, Inc., *et al.*,[1] | Case No. 20-11157 (CSS) |
| Debtors. | (Jointly Administered) |
| | |
| Peter Kravitz, as GUC Trustee of the GUC Trust of Exide Holdings, Inc., *et al.*, | |
| Plaintiff, | **Obj. Deadline: July 27, 2021 at 4:00 p.m. (ET)** **Hrg. Date: August 31, 2021 at 10:00 a.m. (ET)** |
| vs. | |
| Defendants Listed on Exhibit "A", | Adv. No. See Exhibit "A" |
| Defendant. | |

## PLAINTIFF'S MOTION FOR ORDERS ESTABLISHING STREAMLINED PROCEDURES GOVERNING ADVERSARY PROCEEDINGS BROUGHT BY PLAINTIFF PURSUANT TO SECTIONS 502, 547, 548, 549 AND 550 OF THE BANKRUPTCY CODE

Pursuant to section 105 of title 11 of the United States Code (the "Bankruptcy Code"),

Rules 7016, 7026 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), and Rules 7016-1, 7016-2, and 9019-5 of the Local Rules of Bankruptcy Practice and

Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"),

Peter Kravitz, as GUC Trustee of the GUC Trust of Exide Holdings, Inc. (the "Plaintiff" or

"Trustee"), by and through his undersigned counsel, hereby files this motion (the "Procedures

Motion") for entry of two procedures orders (the "Proposed Procedures Orders"), substantially in

the forms annexed hereto as **Exhibits B** and **C**, respectively, establishing streamlined procedures

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are Exide Holdings, Inc. (5504), Exide Technologies, LLC (2730), Exide Delaware LLC (9341), Dixie Metals Company (0199), and Refined Metals Corporation (9311). The Debtors' mailing address is 13000 Deerfield Parkway, Building 200, Milton, Georgia 30004.

for all adversary proceedings brought by the Plaintiff under sections 502, 547, 548, 549 and 550 of the Bankruptcy Code, identified in **Exhibit A** annexed hereto (collectively, the "Avoidance Actions"). In support of the Procedures Motion, Plaintiff respectfully states as follows:

## PRELIMINARY STATEMENT

In order to efficiently administer and resolve the volume of Avoidance Actions filed in the above-referenced bankruptcy cases (the "Bankruptcy Case"), Plaintiff proposes that certain procedures be implemented (a) eliminating the requirement of a Bankruptcy Rule 7026(f) scheduling conference and, in lieu thereof, setting procedures and timetables for service of Bankruptcy Rule 7026 disclosures and for conducting fact and expert written discovery and depositions;[2] (b) establishing procedures and timetables requiring the Avoidance Actions be referred to non-binding mediation; and (c) establishing omnibus hearings for the Avoidance Actions and general agendas for the same (collectively, the "Proposed Procedures").

Plaintiff believes that in setting forth structured procedures for the efficient resolution of the Avoidance Actions, the Proposed Procedures further the purpose of the applicable Bankruptcy Rules and the Local Rules. Like these applicable Bankruptcy Rules and Local Rules, the Proposed Procedures are designed to promote the cost-effective, timely resolution of the Avoidance Actions and to further the goals of judicial economy and efficiency.

Local Rule 7001-1(a) provides that any party seeking relief that deviates from the relief provided in the Federal Rules of Civil Procedure, Bankruptcy Rules, District Court Rules, or Local Rules must identify with specificity each instance where the relief sought deviates from the rules and the good faith reason the movant seeks such deviation. Attached hereto as **Exhibit E** and incorporated herein by reference is a chart detailing with specificity the good faith reason for any

---

[2] Plaintiff reserves the right to seek further or additional relief from the Court regarding discovery and any other matter in the Avoidance Actions.

2

departure from the relief provided in the applicable rules. Those good faith reasons are also discussed herein.

Pursuant to the *General Order Regarding Procedures in Adversary Proceedings* dated April 7, 2004 (as later revised on July 14, 2004 and amended on April 11, 2005) (the "General Order"), adversary proceedings in this district asserting causes of action under Section 547 of the Bankruptcy Code are referred to mediation. Plaintiff has taken into consideration Local Rule 9019-5, which provides a different mediation schedule depending on the amount in controversy and, based on this Local Rule, proposes two separate Procedure Orders for Avoidance Actions. Avoidance Actions with claims less than or equal to $75,000.00 will follow Local Rule 9019-5(j) and are referred to early mediation, with formal discovery to follow. In Avoidance Actions with claims greater than $75,000.00, mediation will follow a formal discovery period. For smaller cases, the Local Rules allow Defendants the ability to choose between a mediation-first or discovery-first track. Accordingly, Plaintiff has provided an orderly ballot mechanism for these defendants to opt-in to the order governing larger cases should they so choose.

Additionally, Plaintiff has provided for a panel of four mediators from which Defendants can choose a mediator. Plaintiff believes in a case this size, a set list of specific mediators will aid Plaintiff and Defendants alike, as a set group of mediators will become familiar with issues common to this Bankruptcy Case. The inclusion of five mediators will also ensure that defendants have ample choice in their mediator selection. The Proposed Procedures will help the Court better manage the Avoidance Actions, while employing guidelines similar to the Local Rules.

Local Rule 7016-1(e) provides that a movant noticing a procedures motion prior to the pretrial date must demonstrate good cause. As a hearing on the Procedures Motion, if any, will occur on the same date as the scheduled pretrial hearing, rather than before the pretrial, a

demonstration of good cause should not be necessary; however, to the extent good cause is required, ample good cause exists. This Procedures Motion seeks to give all Defendants an automatic, additional 60-day extension of time to file responses to their respective complaints. Holding the hearing at the same time as the pretrial will alleviate any uncertainty for Defendants as to the deadline for a responsive pleading. Additionally, good cause exists to hear the Procedures Motion on the same date as the pretrial, as this results in a single hearing date for any Defendants choosing to attend any hearing.

## JURISDICTION

1.    This Court has jurisdiction over this Procedures Motion pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this Procedures Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (F), (H) and (O).

2.    Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).

3.    The statutory bases for the relief requested in the Motion are sections 105(a), 105(d), 502, 547, 548, 549 and 550 of the Bankruptcy Code; Rules 7004, 7012, 7016, 7026, and 9006 of the Bankruptcy Rules; and Rules 7016-1, 7016-2, and 9019-5 of the Local Rules. The requested relief is also justified under and consistent with the General Order and as modified herein.

## BACKGROUND

4.    On May 19, 2020 (the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code.

5.    On May 21, 2020, the Court entered an order authorizing the joint administration of the chapter 11 cases for procedural purposes pursuant to Bankruptcy Rule 1015(b) and Local

4

Rule 1015-1 [D.I. 103].[3]

6.      On October 16, 2020, the Court entered an order confirming the *Fourth Amended Joint Chapter 11 Plan of Exide Holdings, Inc. and Its Affiliated Debtors* (the "Confirmation Order" and "Plan," respectively). [D.I. No. 998].

7.      The effective date of the Plan (the "Effective Date") occurred on October 26, 2020. [D.I. 1039]. In accordance with the Plan and Confirmation Order, the GUC Trust of Exide Holdings, Inc. (the "Trust") was established effective as of the Effective Date of the Plan, and the Debtors and the Trustee entered into that certain General Unsecured Creditors' Trust Agreement.[4]

8.      Pursuant to paragraph 22 of the Confirmation Order and Section 5.4 of the Plan, the GUC Trust Causes of Action, including avoidance actions (as defined in the Plan), were transferred to the Trust. [D.I. 714].

9.      Pursuant to the Plan, Confirmation Order, and General Unsecured Creditors' Trust Agreement, Plaintiff was appointed as the Trustee. Plaintiff is authorized and has standing, among other things, to prosecute and settle certain causes of action under chapter 5 of the Bankruptcy Code, including this avoidance action.

## RELIEF REQUESTED

10.      Plaintiff has commenced approximately 308 cases, as more fully set forth on **Exhibit A** hereto, to recover avoidable transfers from the persons who are defendants in the Avoidance Actions (each a "Defendant" and, collectively, the "Defendants").

11.      By this Motion, Plaintiff seeks the entry of the Proposed Procedures Orders, substantially in the forms attached here to as **Exhibits B** and **C**, approving the Proposed Procedures

---

[3] All docket items referenced are from Case No. 20-11157, under which the Debtors' bankruptcy cases are jointly administered.

[4] *See* D.I. 821, Ex. 2.  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan, Confirmation Order, and/or General Unsecured Creditors' Trust Agreement.

in connection with the prosecution of the Avoidance Actions. The Proposed Procedures are designed to streamline litigation and promote settlement of the Avoidance Actions in a timely and efficient fashion, thereby minimizing the costs to all parties and easing the Court's administrative burden. The Proposed Procedures also preserve the rights of all parties to adjudicate claims and defenses before the Court, if necessary.

## BASIS FOR RELIEF REQUESTED

### I.    Proposed Procedures Generally

12.    The Court has broad discretion to adopt and implement guidelines, such as the Proposed Procedures, which will aid in the administration of these proceedings. Specifically, Federal Rules of Civil Procedure 16(a) (the "Federal Rules"), as made applicable by Bankruptcy Rule 7016, authorizes courts to enter orders for the purpose of:

6

authority and discretion to take such actions and implement such procedures as are necessary to enforce the provisions of the Bankruptcy Code. That section provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a).

15.     The Proposed Procedures further the purpose of the applicable Bankruptcy Rules by establishing certain guidelines Plaintiff believes are essential to the efficient and successful resolution of the Avoidance Actions. Plaintiff submits that implementation of the Proposed Procedures will further the cost-effective, timely resolution of the Avoidance Actions, and benefit the parties in the Avoidance Actions. The Plaintiff also submits that the Proposed Procedures will further the goals of judicial economy and the conservation of judicial resources. Absent the establishment of the Proposed Procedures to govern the prosecution of the Avoidance Actions, it will be difficult for this Court to administer these matters due to the volume of cases. To the extent the Proposed Procedures deviate from otherwise applicable rules and orders, the Plaintiff submits that such variations are warranted to promote efficient use of estate assets and judicial resources.

16.     Also, Plaintiff hopes and expects that the Proposed Procedures set forth in the Proposed Procedures Orders will promote settlements and reduce defense costs because proceeding in such a manner may obviate the need for defendants to retain outside and/or local counsel during the settlement process. Defendants in the Avoidance Actions will also be able to present their defenses to Plaintiff for evaluation before engaging in costly litigation.

## II.     Pretrial Conferences and Discovery

17.     Given the number of Avoidance Actions, Plaintiff believes that the provisions of

7

the Proposed Procedures Orders governing scheduling conferences, pretrial conferences, initial disclosures, and fact and expert discovery are necessary to establish a structured, efficient process for the resolution of the Avoidance Actions. The Proposed Procedures 1) waive the initial pretrial conference scheduled for August 31, 2021 and any subsequently scheduled pretrial conferences; 2) extend the agreed-upon time to serve initial disclosures; and 3) set deadlines for the parties to select a mediator in order to timely complete mediation by the agreed upon deadline. Good faith reasons exist to waive the pretrials and provide for a mediator selection process, as this will require less of the Court's time reviewing, signing and docketing stipulations for extensions of time and mediator selection. The Proposed Procedures will also result in more orderly and efficient litigation and discourage dilatory tactics.

## III.   Referral of Avoidance Actions to Mandatory Non-Binding Mediation

18.     Plaintiff seeks approval of the Proposed Procedures with respect to referring Avoidance Actions to mandatory non-binding mediation. This request comports with the General Order referring adversary proceedings to mediation, and the Local Rules concerning the mediation process. Plaintiff proposes a panel of three mediators from which defendants can choose a mediator, rather than the entire register. A good faith reason exists for the creation of a specific mediator panel: a set list of specific mediators will aid Plaintiff and defendants alike, as a set group of mediators will become familiar with issues common to this Bankruptcy Case. Additionally, the costs to the estate are lessened when multiple adversary actions are mediated in blocks of time by the same mediator. Cost efficiencies can also be realized to defendants in situations where defense counsel may represent multiple defendants. The list of the five proposed mediators is attached as

**Exhibit D**.

19.     Referring adversary proceedings to mediation has proven highly successful in other

8

bankruptcy cases where ASK LLP has represented plaintiffs in the prosecution of preference and fraudulent transfer actions. Procedures orders containing mandatory, non-binding facilitative mediation procedures similar to the provisions contained in the Proposed Procedures Orders have been entered in other cases pending in this district. *See, e.g., In re J & M Sales, Inc., et al.,* Case No. 18-11801 (JTD) (Bankr. D. Del., March 18, 2020, D.I. 2255, cases less than or equal to $75,000.00; D.I. 2256, cases greater than $75,000.00); *In re LSC Wind Down LLC., et al.,* Case No. 17-10124 (KJC) (Bankr. D. Del., March 27, 2019, D.I. 993, cases less than or equal to $75,000.00; D.I. 994, cases greater than $75,000.00); *In re Trump Entertainment Resorts, Inc., et al.,* Case No. 14-12103 (KG) (Bankr. D. Del., Nov. 18, 2016, D.I. 2186, cases less than or equal to $75,000.00; D.I. 2187, cases greater than $75,000.00); *In re RS Legacy Corp., et al.,* Case No. 15-10197 (BLS) (Bankr. D. Del., Dec. 14, 2015, D.I. 3675, cases less than or equal to $75,000.00; D.I. 3676, cases greater than $75,000.00); *In re Exide Technologies*, Case No. 13-11482 (KJC) (Bankr. D. Del., June 30, 2015, D.I. 4360); *In re New Page Corporation*, 11-12804 (KG) (Bankr. D. Del., Oct. 16, 2013, D.I. 4405, cases greater than $75,000.00; D.I. 4406, cases less than or equal to $75,000.00); *In re WP Steel Ventures LLC,* Case No. 12-11661 (KJC) (Bankr. D. Del., Apr. 3, 2013, D.I. 2820, cases greater than $75,000.00; D.I. 2821, cases less than or equal to $75,000.00). Procedures orders have also been entered in cases pending in other districts as well. *See, e.g. In re Kid Brands, Inc., et al.,* Case No. 14-22582 (MBK) (Bankr. D.N.J., Sept. 9, 2016, D.I. 958), and *In re Quebecor World (USA) Inc., et al.*, Chapter 11 Case No. 08-10152-JMP (Bank. S.D.N.Y, March 10, 2016, D.I. 3935). In *Quebecor World (USA) Inc.,* the mediators were able to resolve 94% of the remaining 350 adversary proceedings in less than 12 months. Entry of these procedures orders required less of the Court's time and resources.

20.     As the Proposed Procedures Orders provide for non-binding mediation, it will not

prejudice any party. In fact, Plaintiff submits that all parties and the Court will benefit from the mediation provisions in Proposed Procedures Orders by providing the opportunity to resolve these matters without expensive, time consuming and burdensome litigation and trial.

## IV.   Defendants May Elect to Move to Discovery-First Track

21.   Accompanying this Procedures Motion is a *Notice of Hearing and Response Date for Motion and Defendants' Election as to Procedures Order Track* (the "Notice") and accompanying election form (the "Election Form"). Pursuant to Local Rule 9019-5(j)(iii), a defendant in an adversary proceeding with a total amount in controversy less than or equal to $75,000.00 has the option of conducting mediation prior to formal written discovery, or proceeding with formal discovery first. Currently, the Plaintiff has placed all Defendants in adversary proceedings with a total amount in controversy less than or equal to $75,000.00 on **Exhibit 1** to the proposed order attached hereto as **Exhibit B**, which provides for mediation prior to discovery. The good faith reason for this change is because many smaller case defendants prefer the alternative procedures, and this division eliminates the formal election requirements to do so. However, as outlined in the Notice, those Defendants currently on **Exhibit 1** to **Exhibit B** who wish to conduct formal discovery first may notify the Plaintiff using the Election Form and the procedures outlined in the Notice. Those parties giving proper notice will be moved to **Exhibit 2** to the proposed order attached hereto as **Exhibit C** and proceed with formal discovery prior to mediation.[5]

---

[5] While Local Rule 9019-5(j)(iii) makes the mediation-first track optional at the sole discretion of Defendants under or equal to $75,000.00, Local Rule 9019-5(j)(vi), only permits a party in a case over $75,000.00 to move to the mediation-first track with consent of the Plaintiff. As this rule is discretionary between the parties rather than automatic, Defendants may contact Plaintiff on an individualized basis to discuss the feasibility of the same.

## V.    Omnibus Hearings and Motions

22.    The Proposed Procedures contemplate that Plaintiff will schedule Avoidance Action Omnibus Hearings quarterly at the Court's convenience. All motions and other matters concerning any Avoidance Actions will only be heard at Avoidance Actions Omnibus Hearings.

### NOTICE

23.    Notice of this Procedures Motion has been provided to: (i) all entities that are Defendants in the Avoidance Actions as of the date hereof, which are identified in **Exhibit A** annexed hereto; (ii) counsel for the Debtor; and (iii) the United States Trustee. Plaintiff respectfully submits that such notice is adequate and that no other or further notice need be provided.

24.    Within ten (10) days of entry of the respective orders approving this Procedures Motion, Plaintiff shall serve such orders on all entities that are parties to the Avoidance Actions as of the date thereof.

**WHEREFORE**, the Plaintiff believes the Proposed Procedures are integral to the ability to resolve the Avoidance Actions in a cost-effective, efficient manner that will further speedy distributions to creditors and, ultimately, the Plaintiff's efforts towards an expeditious closing of the Debtors' chapter 11 cases. In light of the foregoing, the Plaintiff submits that the Proposed Procedures are warranted and approval thereof is well within the authority granted to the Court under applicable Bankruptcy Rules, Local Rules, and sections of the Bankruptcy Code. Plaintiff respectfully requests that this Court enter the Proposed Procedures Orders, attached hereto as **Exhibits B** and **C** (i) approving the Proposed Procedures and (ii) granting such other and further relief as the Court deems just and proper.

11

Dated: July 13, 2021

**CONNOLLY GALLAGHER LLP**

*/s/ N. Christopher Griffiths*
N. Christopher Griffiths (#5180)
Lisa Hatfield (#4967)
1201 North Market Street, 20th Floor
Wilmington, Delaware 19801
Telephone: (302) 888-6313
Email: cgriffiths@connollygallagher.com
          lhatfield@connollygallagher.com

*-and-*

**ASK LLP**

Joseph L. Steinfeld, Jr., Esq., MN SBN 0266292
Kara E. Casteel, Esq. MN SBN 0389115
2600 Eagan Woods Drive, Suite 400
St. Paul, MN 55121
Telephone: 651-289-3846
Fax: (651) 406-9676
Email: kcasteel@askllp.com

*Counsel for Plaintiff*

Exhibit "A"

| Defendant Name | Adversary Number |
|---|---|
| 479 Sales and Marketing, LLC | 21-50560 |
| A. Routsis Associates, Inc. dba Routsis Training Inc. | 21-50763 |
| ACI Holding, LLC dba American Combustion International | 21-50766 |
| Addenda LLC dba Addenda Corporation | 21-50767 |
| Advance Filter LLC | 21-50769 |
| Advanced Geoservices Corp. | 21-50561 |
| AECOM Technical Services, Inc. | 21-50770 |
| Air Products and Chemicals, Inc. | 21-50562 |
| AJ's Electrical Testing & Services, L.L.C. dba Southern Substation | 21-50771 |
| Algonquin Power & Utilities Corp. dba Liberty Utilities Group | 21-50563 |
| Allegheny Trucking, Inc. | 21-50564 |
| Allied Oil & Tire Company | 21-50772 |
| Almega Environmental & Technical Services, Inc. | 21-50565 |
| Alta Environmental, L.P. fdba Winfield & Associates | 21-50566 |
| American Electric Equipment Company | 21-50567 |
| American Integrated Services, Inc. | 21-50568 |
| American Stock Transfer & Trust Company, LLC | 21-50774 |
| Amer-Sil | 21-50569 |
| Andrew County Oil, Inc. | 21-50775 |
| Andy Mohr Truck Center, Inc. | 21-50776 |
| Anixter Inc. | 21-50570 |
| Anthony Dwayne Stanford, Sr. | 21-50777 |
| Antikainen, Inc. dba Industrial Battery Service Inc | 21-50571 |
| Aon Consulting, Inc. | 21-50572 |
| AP Global Management LLC. | 21-50573 |
| Applied Industrial Technologies, Inc. | 21-50574 |
| Applied Industrial Technologies, Inc. | 21-50779 |
| Arch Technology Solutions LLC | 21-50780 |
| Arundel Recycling Center, Inc. | 21-50575 |
| Atmos Energy Corporation | 21-50781 |
| Attlin Construction Inc | 21-50576 |
| Augeo Affinity Marketing, Inc. fdba MotivAction LLC | 21-50577 |
| Auto Care Association | 21-50783 |
| Automotive Core Supply, Inc. dba ACS, Inc. | 21-50578 |
| Avient Corporation dba PolyOne Distribution | 21-50579 |

| | |
|---|---|
| B. C. MacDonald & Company | 21-50784 |
| B. J. Baldwin Electric Inc. | 21-50785 |
| Battery Outfitters, Inc. | 21-50580 |
| Battery Warehouse of Alexandria, Inc. | 21-50581 |
| BCD Awning Specialists, Inc. | 21-50582 |
| Bergey's Trucks, Inc. dba Bergey's Truck Centers | 21-50786 |
| Bernath Construction, Inc. | 21-50583 |
| Best Lucky International Enterprise Corp. | 21-50584 |
| BNSF Railway Company dba BNSF Strategic Sourcing & Supply | 21-50585 |
| Borg Warner Systems Lugo S.r.l. | 21-50586 |
| BreakthroughFuel LLC | 21-50787 |
| Brenntag Mid-South Inc. | 21-50587 |
| Brenntag Southwest, Inc. | 21-50588 |
| Bristol Tennessee Essential Services dba Bristol Tennessee Electric System | 21-50589 |
| BriteWorks, Inc. | 21-50590 |
| BRL Holdings LLC dba Regency Metals | 21-50591 |
| Butler Tool, Inc. | 21-50789 |
| C.T. Sistemi Plastici | 21-50592 |
| Cabot Corporation | 21-50593 |
| Cal-Craft Design International, Inc. | 21-50594 |
| California Water Service Group dba California Water Service | 21-50595 |
| Capital Trailer & Equipment Co., Inc. | 21-50790 |
| Castlerock Environmental, Inc. | 21-50596 |
| CAT Factory LLC | 21-50791 |
| Cellusuede Products, Inc. | 21-50597 |
| Central Industrial Contractors, Inc. | 21-50598 |
| Chad A. Haynes dba Allpak Battery | 21-50599 |
| Chainalytics LLC | 21-50792 |
| Chemstation of Kansas, Inc. | 21-50793 |
| Chemtrade Logistics (US), Inc. | 21-50600 |
| Cintas Corporation | 21-50794 |
| Cleveland Mack Sales, Inc. dba Performance Truck - Cleveland | 21-50601 |
| Climate Engineers, LLC fdba Climate Engineers Inc. | 21-50602 |
| Connection Chemical, LP | 21-50603 |
| Convoy, Inc. | 21-50604 |
| Copps Industries, Inc. | 21-50605 |
| Corp Pipsa SA de CV | 21-50795 |
| Corpipsa, LLC | 21-50606 |
| Coyote Logistics, LLC | 21-50607 |

| | |
|---|---|
| Craig Batteries, Incorporated | 21-50608 |
| Crown Equipment Corporation | 21-50797 |
| Custom Pallet Recycling, LLC | 21-50798 |
| Daramic, LLC fdba Daramic Inc. | 21-50609 |
| Dawn UK Holdco LImited | 21-50799 |
| Day-Star Corporation | 21-50801 |
| Del Earl Downey aka Delbert Downey dba Liberty Batteries and Heavy Duty's Tire and Battery | 21-50887 |
| Dell Inc. | 21-50610 |
| Delta-Q Technologies Corp. | 21-50611 |
| DET Logistics (USA) Corporation | 21-50612 |
| DMG20, Inc. fdba Battery Solutions, Inc. | 21-50613 |
| DMP Corporation | 21-50802 |
| Drummond Company, Inc. dba ABC Coke | 21-50614 |
| Duff & Phelps, LLC | 21-50616 |
| Dynaform Technologies, Inc. | 21-50804 |
| EDP Acquisitions, LLC fdba Englander dZignPak LLC | 21-50618 |
| Electronic Environments Co. LLC | 21-50805 |
| Element Fleet Management Corp. | 21-50619 |
| Engineered Distribution Specialties, LLC dba EnDISys | 21-50806 |
| Engineered Equipment Company of Alaska, Inc. | 21-50808 |
| Entergy Corporation | 21-50809 |
| Environmental Recovery Services, Inc. | 21-50621 |
| Epiq Class Action & Claims Solutions, Inc. | 21-50810 |
| Equipment Depot, Inc. | 21-50623 |
| ESCA Tech, Inc. | 21-50627 |
| Estes Forwarding Worldwide LLC | 21-50813 |
| Eurofins Calscience, LLC fdba Eurofins Calscience Inc. | 21-50629 |
| Evergy, Inc. fdba Westar | 21-50630 |
| Ferro Magnetics Corporation | 21-50632 |
| FirstEnergy Corp. dba Met-Ed | 21-50814 |
| Flexport, Inc. | 21-50634 |
| French Ellison Truck Center, LLC | 21-50815 |
| Froetek-Plastic Technology Corp. | 21-50635 |
| GAP VII GB (KCI) LLC | 21-50637 |
| Garage Door Systems, LLC dba Overhead Door Co. of Muncie | 21-50640 |
| Gateway Industrial Power, Inc. | 21-50642 |
| Gauthier Non-Ferrous Products Inc. | 21-50643 |
| Georgia Power Company | 21-50645 |
| Gerrie Electric Wholesale Ltd | 21-50647 |

| | |
|---|---|
| Goodhart Sons, Inc. | 21-50648 |
| Gotcha Transport, Inc. | 21-50650 |
| Grafika Commercial Printing, Inc. dba Grafika Printing, Inc. | 21-50651 |
| Greg's Cleaning Service, Inc. | 21-50817 |
| Gunter Machine & Tool, LLC | 21-50653 |
| H P Products Corporation | 21-50818 |
| HADI Maschinenbau Ges.mbH | 21-50655 |
| Haley & Aldrich, Inc. | 21-50819 |
| Harcros Chemicals Inc. | 21-50656 |
| Harshman Machine and Tool Co. | 21-50820 |
| Henke Engineering, LLC | 21-50658 |
| Heritage Environmental Services, LLC | 21-50660 |
| Hexacomb Corporation | 21-50663 |
| Hickory Springs Manufacturing Company dba HSM | 21-50665 |
| Hohenschild Welders Supply Company | 21-50821 |
| Hoist & Crane Service Group, Inc. | 21-50822 |
| Holcim (US) Inc. | 21-50666 |
| Holland Applied Technologies, Inc. | 21-50667 |
| Hunter's Battery Warehouse, Inc. | 21-50823 |
| Husker Battery Service, Corp. fdba H.B.S.C. Metals Brokerage | 21-50668 |
| Hydra-Matic Packing Company, Inc. | 21-50670 |
| IBT, Inc. | 21-50672 |
| Industrial Restoration Systems, Inc. | 21-50674 |
| Innerworkings, Inc. | 21-50675 |
| Insight Direct USA, Inc. dba Insight Enterprises | 21-50677 |
| Izco Plasticos Industriales, S.L. | 21-50679 |
| J & P Vending Pros, Inc. | 21-50824 |
| J & R Enterprises, LLC | 21-50681 |
| J and R Manufacturing, Inc. | 21-50825 |
| J. J. Keller & Associates, Inc. | 21-50826 |
| J. Parent Design LLC | 21-50827 |
| J.M. Bozeman Enterprises, Inc. | 21-50682 |
| Javaid Rahim Bakhsh dba J. Bakhsh Consulting | 21-50828 |
| Jefferson Battery Co., Inc. | 21-50829 |
| Jonjo Transport Refrigeration Ltd, dba Thermo King Eastern Canada | 21-50830 |
| JX Enterprises, Inc. dba JX Peterbilt-Lansing | 21-50831 |
| Kallstrom Engineering Systems AB | 21-50684 |
| Kardon Enterprises, Inc. fdba HML, Inc. aka Hoosier Microbiological Laboratory | 21-50832 |
| KBX Logistics, LLC | 21-50686 |

| | |
|---|---|
| KC Cleaning Services LLC | 21-50688 |
| Kekst and Company, Incorporated | 21-50690 |
| Keppler Steel and Fabricating Inc. | 21-50691 |
| Keramida Environmental, Inc. | 21-50833 |
| KW Plastics | 21-50834 |
| Lancaster Mold, Inc. | 21-50615 |
| Landis Mechanical Group, Inc. | 21-50617 |
| Lantec Products, Inc. | 21-50835 |
| Leoch Battery Pte Ltd | 21-50620 |
| LignoTech USA, Inc. | 21-50622 |
| LinkEx, Inc. | 21-50624 |
| Liquitech, Inc. | 21-50836 |
| LMA Industrial S.a. | 21-50625 |
| Longhorn International Equipment, Inc. | 21-50626 |
| Louis Padnos Iron and Metal Company dba Padnos | 21-50837 |
| Louisiana Battery Warehouse -- Shreveport, Inc. dba Louisiana Battery Co. | 21-50628 |
| M.A. Industries, Inc. | 21-50838 |
| MAC Engineering and Equipment Company, Inc. | 21-50631 |
| MacAllister Machinery Co Inc dba MacAllister Cat Muncie | 21-50633 |
| Management Strategies Group, Inc. | 21-50839 |
| Marsh USA Inc. dba Marsh, Inc. | 21-50636 |
| Masonlift Limited | 21-50840 |
| Mast Trucking Inc | 21-50638 |
| Matheson Tri-Gas, Inc. | 21-50639 |
| McCormick-Busse, Incorporated dba MBI Media | 21-50641 |
| McMaster-Carr Supply Company | 21-50644 |
| Merrill Lynch & Co., Inc. | 21-50646 |
| Mersen USA Ace Corp. | 21-50841 |
| Meyer Laboratory, Inc. | 21-50842 |
| Michigan Kenworth, LLC dba Michigan KW - Dearborn | 21-50843 |
| Micromeritics Instrument Corporation | 21-50649 |
| Mid-America Parts Distributors Corp. | 21-50844 |
| Miles Chemical Company, Inc. | 21-50845 |
| Mil-Spec Packaging of GA., Inc. | 21-50846 |
| Mississippi Lime Company | 21-50652 |
| Muncie Sanitary District | 21-50654 |
| National Rubber Technologies Corp | 21-50657 |
| Nefab Packaging North Central, LLC | 21-50659 |
| NorFalco LLC | 21-50661 |

| | |
|---|---|
| Norfolk Southern Railway Company | 21-50662 |
| Northeast Battery & Alternator, LLC | 21-50664 |
| Northwest Volvo Truck, Inc. dba TEC Portland | 21-50848 |
| Northwest Volvo Trucks, Inc. | 21-50849 |
| Oak Press Solutions Inc. | 21-50669 |
| Ohio Transmission LLC dba Ohio Transmission & Pump | 21-50850 |
| One Gas, Inc. dba Kansas Gas Service | 21-50671 |
| Open Text Inc. fdba Guidance Software | 21-50673 |
| Organizacion Industrial Vega S.A. de C.V. | 21-50676 |
| P.A.M. Transport, Inc. | 21-50678 |
| Pallet Distributors, Inc. dba E-Pallets, Inc. | 21-50680 |
| Pelican Industries & Fabricating Company, Inc. dba Pelican Industries Inc. | 21-50851 |
| Penske Truck Leasing Co., L.P. | 21-50683 |
| Peterson Trucks, Inc. | 21-50852 |
| Philadelphia Scientific LLC | 21-50685 |
| Phoenixx, L.P. | 21-50687 |
| Piedmont National Corporation | 21-50689 |
| Piedmont Risk Management, LLC | 21-50853 |
| Plastic Process Engineering Associates, Inc. dba PPE Associates, Inc. | 21-50854 |
| Power Designers USA LLC | 21-50692 |
| Premier Magnesia, LLC | 21-50693 |
| Process and Power, Inc. | 21-50855 |
| Process Equipment Company dba Proheat Inc. | 21-50694 |
| PSK, L.L.C. dba Overhead Door Company of Cedar Rapids and Iowa City | 21-50856 |
| PSMG, Inc. dba PACWEST Security Services | 21-50695 |
| Regenergy, Inc. | 21-50696 |
| Reliable Batteries, Inc. | 21-50697 |
| Re-Man Shack, Inc. IV dba Advantage Power Battery of Oklahoma | 21-50698 |
| Resource Plastics, LLC | 21-50699 |
| Resources Alloys and Metals, Inc. | 21-50700 |
| Richardson Molding, LLC | 21-50701 |
| Roles Marketing International, Inc. | 21-50702 |
| Rope & Plastic Sales (USA) Pty Ltd. | 21-50703 |
| Rosendahl Nextrom GMBH | 21-50704 |
| RSR Corporation | 21-50705 |
| RT Industrial Companies, LLC | 21-50857 |
| Rush Enterprises, Inc. dba Rush Truck Center-Fontana | 21-50858 |
| Rush Truck Centers of Illinois, Inc. | 21-50706 |

| | |
|---|---|
| Rush Truck Centers of Ohio, Inc. dba Rush Truck Center, Dayton & Cincinnati | 21-50707 |
| Rush Truck Centers of Texas, L.P. dba Rush Peterbilt Truck Center, Dallas & Ft. Worth | 21-50708 |
| Russell Equipment, Inc. | 21-50709 |
| Safety-Kleen Systems, Inc. | 21-50859 |
| Saia Motor Freight Line, LLC | 21-50710 |
| Sanders Lead Company, Inc. | 21-50711 |
| Sanders Mechanical Services | 21-50713 |
| SBMC Atlanta, L.L.C. | 21-50714 |
| Scandinavian Steel AB | 21-50715 |
| SeaGate Plastics Company | 21-50716 |
| Sebang Global Battery Co. Ltd. | 21-50717 |
| Securitas Security Services USA, Inc. | 21-50718 |
| Shoppas Mid America, LLC | 21-50860 |
| SMC, LLC | 21-50719 |
| Solar Electric Supply, Inc. | 21-50861 |
| South Texas Truck Centers, LLC dba Mack Trucks of Texas, LLC | 21-50862 |
| Stalcop, LLC | 21-50720 |
| Start-All Enterprise Co. | 21-50721 |
| Stauffer Manufacturing Company | 21-50722 |
| STM, Inc. | 21-50723 |
| Stoner Incorporated | 21-50863 |
| Symtrax Corporation | 21-50864 |
| Synterra Corporation | 21-50724 |
| T and S Trading, Inc. | 21-50725 |
| Tasco, LLC | 21-50726 |
| TEC Equipment, Inc. | 21-50865 |
| TEC of California, Inc. dba TEC La Mirad | 21-50866 |
| TestAmerica Laboratories, Inc. | 21-50727 |
| The Kansas City Southern Railway Company | 21-50867 |
| The Knapp Supply Company Inc | 21-50728 |
| The Laureldale Borough Collector | 21-50868 |
| The NPD Group, Inc. | 21-50729 |
| The Parish Group, L.L.C. | 21-50730 |
| The Raymond Corporation | 21-50731 |
| The Republic Group Corporation dba The Republic Group | 21-50732 |
| The Sourcing Group LLC | 21-50733 |
| Thomas Anthony Etchart | 21-50869 |
| Thornton & Musso Water Treatment Consultants, Inc. | 21-50734 |

| | |
|---|---|
| TNT Battery Company, Inc. | 21-50735 |
| Tonolli Canada Ltd | 21-50736 |
| Toyota Material Handling, Inc. dba Toyota Starlift Parts | 21-50870 |
| TranSource, Inc. | 21-50871 |
| Transportation Impact, LLC | 21-50872 |
| Transportation Products Sales Company, Inc. | 21-50737 |
| TRISTAR Risk Enterprise Management, Inc. | 21-50738 |
| Tri-State Battery Supply, Inc. | 21-50739 |
| Tri-State Truck Center, Inc. | 21-50873 |
| TVH Parts Co. dba Superior Signals Inc. | 21-50740 |
| U. S. Xpress, Inc. | 21-50741 |
| Uber Freight LLC | 21-50742 |
| UGI Utilities, Inc. | 21-50743 |
| UL LLC | 21-50744 |
| United Rentals, Inc. | 21-50745 |
| UR Services, Inc. | 21-50746 |
| Vandapower LLC | 21-50747 |
| Vanguard Truck Center of El Paso, LLC | 21-50874 |
| Vanguard Truck Centers, LLC fka Volvo and GMC Trucks of Atlanta | 21-50875 |
| Ventura Transfer Company | 21-50876 |
| Veritiv Operating Company | 21-50748 |
| Vertical Development, Inc. | 21-50877 |
| Victory Packaging, L.P. | 21-50749 |
| Virginia Truck Center of Central Virginia, LLC dba Excel Truck Group fdba Virginia Truck Center | 21-50878 |
| VISCO2LL, Inc. dba VISCO Supply | 21-50750 |
| Vision Environmental Limited Liability Company | 21-50879 |
| Wabash Industrial Services, LLC | 21-50751 |
| Waller Logistics, Inc. dba Waller Truck Co., Inc. | 21-50752 |
| Water Gremlin Company | 21-50753 |
| Western Peterbilt, LLC dba Western Truck Center | 21-50880 |
| WestRock Container, LLC dba Kapstone Container Corporation | 21-50881 |
| Westrux International, Inc. | 21-50754 |
| WEX Bank fdba Wright Express Financial Services Corporation | 21-50755 |
| Wiese USA, Inc. | 21-50756 |
| Wildman Business Group, LLC dba Wildman Facility Services | 21-50757 |
| WIN-MAR Freight Management Inc. | 21-50882 |
| Wiring by Wall, inc. | 21-50883 |
| Wirtz Manufacturing Company, Inc. | 21-50758 |

| Wolters Kluwer United States Inc. dba CT Corporation System | 21-50884 |
| Zorch International, Inc. | 21-50885 |

* 307 Adversary Proceedings

Exhibit "B"

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Exide Holdings, Inc., *et al.*, [1] | Case No. 20-11157 (CSS) |
| Debtors. | (Jointly Administered) |
| Peter Kravitz, as GUC Trustee of the GUC Trust of Exide Holdings, Inc., *et al.*, | |
| Plaintiff, | |
| vs. | Adv. No. See Exhibit "1" |
| Defendants Listed on Exhibit "1", | |
| Defendant. | |

### ORDER ESTABLISHING STREAMLINED PROCEDURES GOVERNING ADVERSARY PROCEEDINGS WITH TOTAL IN CONTROVERSY LESS THAN OR EQUAL TO $75,000.00 BROUGHT BY PLAINTIFF PURSUANT TO SECTIONS 502, 547, 548, 549 AND 550 OF THE BANKRUPTCY CODE

Upon the *Motion for Orders Establishing Streamlined Governing Adversary Proceedings Brought by Plaintiff Pursuant to Sections 502, 547, 548, 549 and 550 of the Bankruptcy Code,* (the "Procedures Motion")[2] filed by Peter Kravitz, as GUC Trustee of the GUC Trust of Exide Holdings, Inc. (the "Plaintiff" or "Trustee"), by and through his undersigned counsel, for entry of a procedures order (the "Procedures Order") pursuant to sections 102(1) and 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 7016, 7026 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), establishing streamlined procedures governing all adversary

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are Exide Holdings, Inc. (5504), Exide Technologies, LLC (2730), Exide Delaware LLC (9341), Dixie Metals Company (0199), and Refined Metals Corporation (9311). The Debtors' mailing address is 13000 Deerfield Parkway, Building 200, Milton, Georgia 30004.

[2] Capitalized terms not otherwise defined herein shall have the same meaning ascribed to them as in the Procedures Motion.

proceedings with a total amount in controversy less than or equal to $75,000.00 brought by Plaintiff under sections 502, 547, 548, 549 and 550 of the Bankruptcy Code, which are identified in **Exhibit 1** annexed hereto (each an "Avoidance Action," collectively, the "Avoidance Actions"); and this Court having jurisdiction to consider and determine the Procedures Motion as a core proceeding in accordance with 28 U.S.C. §§ 157, 1331 and 1334; and any objections raised and heard at a hearing at which all parties were permitted to present their arguments and contentions; and it appearing that the relief requested by the Procedures Motion is necessary and in the best interests of the parties; and due notice of the Procedures Motion having been provided; and it appearing that no other or further notice of the Procedures Motion need be provided; and sufficient cause appearing therefore, it is hereby:

**ORDERED**, that the Procedures Motion be, and hereby is, granted in all respects; and it is further

**ORDERED**, the procedures governing all parties to the Avoidance Actions are as follows:

## A.   Effectiveness of the Procedures Order

1.   This Procedures Order approving the Procedures Motion shall apply to all Defendants in the Avoidance Actions. To the extent a party is subject to this Procedures Order as well as the Procedures Order covering those cases with an amount in controversy greater than $75,000.00 in connection with another Avoidance Action, the parties shall meet and confer to decide whether the actions should proceed under one procedures order or the other. If an agreement cannot be reached, the parties may apply to the Court for resolution.

2.   This Order will not alter, affect or modify the rights of Defendants to seek a jury trial or withdraw the reference, or otherwise move for a determination regarding whether the Court has authority to enter a final judgment, or make a report and recommendation, in an adversary proceeding under 28 U.S.C. § 157, and all such rights of the Defendants shall be preserved unless otherwise agreed to in a responsive pleading.

**B.     Extensions to Answer or File Other Responsive Pleading to the Complaint**

3.     The time to file an answer or other responsive pleading to a complaint filed in an Avoidance Action shall be extended by 60 days such that an answer or other responsive pleading is due within 90 days after the issuance of the summons rather than 30 days after the issuance of the summons.

**C.     Waiver of Requirement to Conduct Pretrial Conference**

4.     Federal Rule of Civil Procedure 16, made applicable herein pursuant to Bankruptcy Rule 7016 and Local Rules 7004-2 and 7016-1 (i.e., pretrial conferences), is hereby waived and not applicable with respect to the Avoidance Actions. Neither the Plaintiff nor any Defendant shall be required to appear at the initial pretrial conference, including any pretrial originally scheduled for August 31, 2021 or any subsequently scheduled pretrial conferences.

**D.     Waiver of Requirement to Conduct Scheduling Conference**

5.     Federal Rule of Civil Procedure 26(f), made applicable herein pursuant to Bankruptcy Rule 7026 (mandatory meeting before scheduling conference/ discovery plan), is hereby waived and is not applicable to the Avoidance Actions. Thus, the parties to the Avoidance Actions shall not be required to submit a written report as may otherwise be required under Federal Rule of Civil Procedure 26(f).

**E.     Discovery, Mediation, and Dispositive Motion Schedule**

6.     The parties' obligation to conduct formal discovery in each Avoidance Action shall be, and hereby is, stayed until the mediation process is concluded; provided that the stay of formal discovery shall in no way preclude, with respect to any Avoidance Action, the Plaintiff and applicable Defendant from informally exchanging documents and information in an attempt to resolve such Avoidance Action in advance of, or during, the mediation process.

7.     Any open Avoidance Actions that have not been resolved and/or settled by November 15, 2021 (the "Remaining Avoidance Actions"), shall be referred to mediation.

8.     Between November 16, 2020 and November 30, 2021, Defendants in the Remaining Avoidance Actions shall choose a mediator from the list of proposed mediators (each a "Mediator," collectively, the "Mediators") qualified to handle these types of Avoidance Actions and is listed on the Register of Mediators and Arbitrators Pursuant to Local Rule 9019-4 (the "Mediator List"), attached to the Procedures Motion as **Exhibit D**. Concurrently, Defendants in the Remaining Avoidance Actions shall notify Plaintiff's counsel of the Defendant's choice of Mediator by contacting

Plaintiff's counsel's paralegal, Laurie N. Miskowiec, in writing, via email at **lmiskowiec@askllp.com** or via letter correspondence addressed to ASK LLP, 2600 Eagan Woods Drive, Suite 400, St. Paul, MN 55121. If a Defendant in a Remaining Avoidance Action does not timely choose a Mediator from the Mediator List and notify Plaintiff's counsel of the same, Plaintiff will assign such Remaining Avoidance Action to one of the Mediators from the Mediator List.

9.      Upon notification of such selection or assignment, the selected Mediator shall have an opportunity to run conflicts checks on the Defendant(s) and, in the event of a conflict, may abstain from the particular mediation.

10.     On December 1, 2021, Plaintiff, working with the Mediators, will commence scheduling mediations. Each Mediator will provide to Plaintiff the dates on which the Mediator is available for mediation and the parties shall cooperate with the Mediators and each other regarding the scheduling of mediations. Plaintiff's counsel shall contact Defendant or Defendant's counsel with a list of proposed dates for mediation provided by the mediator. Mediation will then be scheduled on a first-come, first-served basis.

11.     Plaintiff will give at least 21 days written notice of the first date, time and place of the mediation in each Remaining Avoidance Action (the "Mediation Notice"), which notice shall be filed on the docket of such proceeding.

12.     Within 7 calendar days after the conclusion of the mediation, the Mediator shall file a report (the "Mediator's Report") in the Remaining Avoidance Action, which shall be limited to stating only whether the Remaining Avoidance Action settled or did not settle.

13.     All mediations of the Remaining Avoidance Actions must be concluded by May 16, 2022.

14.     Any open Avoidance Actions shall be required to provide the disclosures required under Rule Federal Rule of Civil Procedure 26(a)(1), as incorporated by Bankruptcy Rule 7026 (the "Initial Disclosures") on or before May 31, 2022.

15.     All written interrogatories, document requests and requests for admission, if any, may be served upon the adverse party any time after the Mediator's Report is filed. All written interrogatories, document requests and requests for admission, if any, must be served upon the adverse party no later than July 1, 2022. Local Rule 7026-2(b)(ii) shall be modified to allow the counsel for Plaintiff and each Defendant serving the discovery request or response to be the custodian of such discovery material.

4

16. The parties to the Avoidance Actions shall have through and including September 1, 2022 to complete non-expert fact discovery, including depositions of fact witnesses.

17. The standard provisions of Federal Rule of Civil Procedure 33, made applicable herein pursuant to Bankruptcy Rule 7033, shall apply to the Avoidance Actions.

18. The standard provisions of Federal Rule of Civil Procedure 34, made applicable herein pursuant to Bankruptcy Rule 7034, including F.R.C.P. 34(b)(2)(E) regarding production of electronically stored information and Local Rule 7026-3, shall apply to the Avoidance Actions.

19. The standard provisions of Federal Rule of Civil Procedure 36, made applicable herein pursuant to Bankruptcy Rule 7036, shall apply to the Avoidance Actions.

20. Should a discovery dispute arise, the complainant shall file with the Court a letter outlining said issues and forward a copy to chambers. Respondent must reply within two (2) business days. The letter, excluding exhibits, shall be no longer than two (2) pages. The Court shall then inform the parties if it will require a conference call or formal motion.

21. Pursuant to Federal Rule of Civil Procedure 26(a)(2), made applicable herein pursuant to Bankruptcy Rule 7026, disclosures and reports of a) the parties for any issue on which they bear the burden of proof (not including any report by Plaintiff on insolvency) and b) if Defendant intends to provide expert testimony regarding insolvency of the Debtors, such expert reports, if any, shall be made to the adverse party on or before July 1, 2022.

22. Federal Rule of Civil Procedure 26(a)(2), made applicable herein pursuant to Bankruptcy Rule 7026, disclosures and reports a) of the parties' rebuttal experts, and b) Plaintiff's report on the insolvency of the Debtors, if any, shall be made to the adverse party on or before September 1, 2022.

23. All expert discovery, including expert witness depositions, shall be concluded on or before October 28, 2022.

24. The standard provisions of Federal Rule of Civil Procedure 26(e), made applicable herein pursuant to Bankruptcy Rule 7026, shall apply to the Avoidance Actions with respect to supplementation of discovery responses.

25. All dispositive motions shall be filed and served by December 30, 2022. The Local Rules governing dispositive motions in adversary proceedings, including Local Rules 7007-1 – 7007-4, shall apply.

F.    **Mediation Procedures and Requirements**

26.    Because the Remaining Avoidance Actions are proceedings before this Court, Delaware is the proper forum for mediation. Local Rule 9019-5 and the Court's mediation order, Delaware Bankruptcy Court General Order re Procedures in Adversary Proceedings, dated April 7, 2004, as amended April 11, 2005 (establishing mediation procedures for all adversary proceedings), shall govern the mediations, except as otherwise set forth herein.

27.    The Mediators shall be required to file disclosures prior to the scheduling of mediation. Local Rule 9019-2(e)(iii)(B) shall apply.

28.    The parties in each Remaining Avoidance Action will participate in the mediation, as scheduled and presided over by the chosen Mediator, in good faith and with a view toward reaching a consensual resolution. At least one *counsel for each party and a representative of each party having full settlement authority* shall attend the mediation in person *except*: 1) a Mediator, in his or her discretion, may allow a party representative to appear telephonically or via a video conferencing service, 2) the parties may consent to a party representative appearing telephonically or via a video conferencing service. **Any such request must be made prior to ten (10) business days before the scheduled mediation date, or Defendant is deemed to waive such request.** Should a party representative appear by telephone or via a video conferencing service, counsel appearing in person for that party shall have full settlement authority. To the extent a Mediator grants a party's request to appear telephonically or via a video conferencing service, the requesting party is responsible for arranging for and paying any fees associated with these services. Should a dispute arise regarding a Mediator's decision on whether to allow a party representative to appear telephonically or via a video conferencing service rather than in person, a party may apply to the Court, in advance of the mediation, by sending a letter outlining said issues to chambers. The Court may then schedule a conference call to address the issues.

29.    The Mediator will preside over the mediation with full authority to determine the nature and order of the parties' presentations, and the rules of evidence will not apply.    Each Mediator may implement additional procedures which are reasonable and practical under the circumstances.

30.    The Mediator, in the Mediation Notice (by language provided to Plaintiff by the Mediator) or in a separate notice that need not be filed, may require the parties to provide to the Mediator any relevant papers and exhibits, a statement of position, and a settlement proposal. In the Mediator's discretion, upon notice (which need not be filed), the Mediator may adjourn a mediation or move a mediation to a different location within the same jurisdiction.    The Mediator may also continue a mediation that has been

6

commenced if the Mediator determines that a continuation is in the best interest of the parties.

31.   The parties must participate in the scheduling of mediation and mediate in good faith. If the mediator feels that a party to the mediation is not attempting to schedule or resolve the mediation in good faith, the mediator may file a report with the Court. The Court may, without need for further motion by any party, schedule a hearing. If the Court determines that the party is not cooperating in good faith with the mediation procedures, the Court may consider the imposition of sanctions. Additionally, if either party to the mediation is not attempting to schedule or resolve the mediation in good faith, the opposite party may file a motion for sanctions with the Court. Litigation with respect to the issuance of sanctions shall not delay the commencement of the mediation. Sanctions may include, but are not limited to, attorney's fees and costs and Mediator's fees.

32.   Upon notice and a hearing, a party's failure to appear at the mediation or otherwise comply with the Procedures Order with respect to mediation, may result in a default judgment or dismissal being obtained against the party failing to comply with the mediation provisions. The Mediator shall promptly file a notice with the Court when any party fails to comply with the mediation provisions set forth in the Procedures Order.

33.   The Mediator's fees shall be paid by the Plaintiff. Plaintiff shall pay the Mediator a $250.00 administrative fee (the "Administrative Fee") upon acceptance of appointment. The Mediator's mediation fees shall be fixed at $3,000.00 per case. The Plaintiff shall pay $750.00 of the Mediator's mediation fee at least 7 calendar days before the commencement of mediation (the "Pre-Mediation Fee"). The remaining fee will be paid by Plaintiff on the date of mediation, should the mediation go forward. If the parties settle prior to mediation, the mediator must be informed of the settlement prior to 7 calendar days before the scheduled mediation, or the Pre-Mediation Fee is non-refundable.

34.   Mediation that is continued for more than one calendar day will be continued on an hourly fee basis at the rate of $500.00 per hour to be paid by the Plaintiff.

35.   Defendants that have multiple Avoidance Actions in the underlying bankruptcy cases against them may mediate all related Avoidance Actions at one time and, in such event, the Mediation Fee shall be based upon the combined total claim amount for all related Avoidance Actions.

36.   Mediation statements are due 7 calendar days prior to the mediation to the Mediator. Unless otherwise directed by the Mediator, the mediation statements shall be shared with the opposing party, except that any party that has confidential information may share the same solely with the

7

Mediator. The Mediator will direct the parties as to further instructions regarding the mediation statements.

37.     Without the prior consent of both parties, no Mediator shall mediate a case in which he/she or his/her law firm represents a party. If a Mediator's law firm represents any Defendant in the Avoidance Actions, then: (a) the Mediator shall not personally participate in the representation of that Defendant; (b) the law firm shall notate the file to indicate that the Mediator shall have no access to it; and (c) any discussions concerning the particular Avoidance Action by employees of the law firm shall exclude the Mediator. The Mediator's participation in mediation pursuant to the Procedures Order shall not create a conflict of interest with respect to the representation of such Defendants by the Mediator's law firm.

38.     The Mediator shall not be called as a witness by any party except as set forth in this paragraph. No party shall attempt to compel the testimony of, or compel the production of documents from, the Mediators or the agents, partners or employees of their respective law firms. Neither the Mediators nor their respective agents, partners, law firms or employees (a) are necessary parties in any proceeding relating to the mediation or the subject matter of the mediation, nor (b) shall be liable to any party for any act or omission in connection with any mediation conducted under the Procedures Order. Any documents provided to the Mediator by the parties shall be destroyed 30 days after the filing of the Mediator's Report, unless the Mediator is otherwise ordered by the Court. However, subject to court order, a Mediator may be called as witness by any party and may be compelled to testify on a limited basis in proceedings where it is alleged that a party failed to comply with mediation as is required in the foregoing paragraphs of this Procedures Order. Local Rule 9019-5(d) shall apply.

39.     All proceedings and writing incident to the mediation shall be privileged and confidential, and shall not be reported or placed in evidence. Local Rule 9019-(5)(d) shall apply.

## G.     Avoidance Actions Omnibus Hearings

40.     The initial pretrial conference scheduled for August 31, 2021 at 10:00 a.m. (ET) shall be deemed waived. Thereafter, except as otherwise ordered by the Court, the pretrial conference shall be adjourned to quarterly status conferences. Except as otherwise ordered by the Court, all matters concerning any Avoidance Actions shall be heard only at status conferences before the Honorable Christopher S. Sontchi (collectively, the "Avoidance Actions Omnibus Hearings"), at which there may be status conferences, final pre-trial conferences and hearings on motions, if any.

41.     Defendants are not required to appear at any Avoidance Actions Omnibus Hearings unless: (a) a motion pertaining to the Defendant's Avoidance

8

Action is calendared to be considered at the Avoidance Actions Omnibus Hearing; or (b) the Court has directed such Defendant to appear. To the extent a Defendant in any Avoidance Action wishes to appear at an Avoidance Actions Omnibus Hearing, and it has not otherwise notified the Plaintiff through a notice of motion, the Defendant or its counsel must notify Plaintiff's counsel of the same, in writing, 5 days prior to said hearing so that Plaintiff may properly prepare to address any issues or concerns at the Avoidance Actions Omnibus Hearing or in advance thereof.

42.     Unless the Court orders otherwise, all motions, pleadings, requests for relief or other materials that purport to set a hearing on a date or time other than an Avoidance Actions Omnibus Hearing shall automatically, and without Court order, be scheduled to be heard at the next Avoidance Actions Omnibus Hearing that is at least 30 calendar days after such motion, pleading, request for relief or other materials are filed and served.

43.     Plaintiff shall file a report one week prior to each Avoidance Actions Omnibus Hearing setting out the status of each of the Avoidance Actions and shall contemporaneously deliver a copy of the report to the Court's chambers.

44.     If, after all discovery has been completed in an Avoidance Action, mediation has concluded but was not successful, and any issues of fact or law remain after dispositive motions, if any, have been decided, the parties to the applicable Avoidance Action shall so inform the Court at the next scheduled Avoidance Actions Omnibus Hearing. At such time, the Court will address additional issues arising subsequent to the Procedures Order, set additional deadlines, if necessary, establish a due date by which the parties must file a joint pretrial order, and schedule a trial on the Avoidance Action that is convenient to the Court's calendar.

## H.     Miscellaneous

45.     The Local Rules for the United States Bankruptcy Court for the District of Delaware shall apply, except that the Procedures Order shall control with respect to the Avoidance Actions to the extent of any conflict with other applicable rules and orders.

46.     The deadlines and/or provisions contained in the Procedures Order may be extended and/or modified by the Court upon written motion and for good cause shown or consent of the parties pursuant to stipulation, which stipulation needs to be filed with the Court; and it is further

**ORDERED**, that this Court retains jurisdiction with respect to all matters arising

from or related to the implementation of this Order.

9

Exhibit "1"

| Defendant Name | Adversary Number |
|---|---|
| 479 Sales and Marketing, LLC | 21-50560 |
| A. Routsis Associates, Inc. dba Routsis Training Inc. | 21-50763 |
| ACI Holding, LLC dba American Combustion International | 21-50766 |
| Addenda LLC dba Addenda Corporation | 21-50767 |
| Advance Filter LLC | 21-50769 |
| AECOM Technical Services, Inc. | 21-50770 |
| Air Products and Chemicals, Inc. | 21-50562 |
| AJ's Electrical Testing & Services. L.L.C. dba Southern Substation | 21-50771 |
| Algonquin Power & Utilities Corp. dba Liberty Utilities Group | 21-50563 |
| Allegheny Trucking, Inc. | 21-50564 |
| Allied Oil & Tire Company | 21-50772 |
| American Stock Transfer & Trust Company, LLC | 21-50774 |
| Andrew County Oil, Inc. | 21-50775 |
| Andy Mohr Truck Center, Inc. | 21-50776 |
| Anthony Dwayne Stanford, Sr. | 21-50777 |
| Antikainen, Inc. dba Industrial Battery Service Inc | 21-50571 |
| Aon Consulting, Inc. | 21-50572 |
| Applied Industrial Technologies, Inc. | 21-50779 |
| Arch Technology Solutions LLC | 21-50780 |
| Arundel Recycling Center, Inc. | 21-50575 |
| Atmos Energy Corporation | 21-50781 |
| Augeo Affinity Marketing, Inc. fdba MotivAction LLC | 21-50577 |
| Auto Care Association | 21-50783 |
| B. C. MacDonald & Company | 21-50784 |
| B. J. Baldwin Electric Inc. | 21-50785 |
| BCD Awning Specialists, Inc. | 21-50582 |
| Bergey's Trucks, Inc. dba Bergey's Truck Centers | 21-50786 |
| Bernath Construction, Inc. | 21-50583 |
| BNSF Railway Company dba BNSF Strategic Sourcing & Supply | 21-50585 |
| BreakthroughFuel LLC | 21-50787 |
| Brenntag Southwest, Inc. | 21-50588 |
| BriteWorks, Inc. | 21-50590 |
| Butler Tool, Inc. | 21-50789 |
| Cabot Corporation | 21-50593 |
| Cal-Craft Design International, Inc. | 21-50594 |

| | |
|---|---|
| California Water Service Group dba California Water Service | 21-50595 |
| Capital Trailer & Equipment Co., Inc. | 21-50790 |
| CAT Factory LLC | 21-50791 |
| Cellusuede Products, Inc. | 21-50597 |
| Chainalytics LLC | 21-50792 |
| Chemstation of Kansas, Inc. | 21-50793 |
| Chemtrade Logistics (US), Inc. | 21-50600 |
| Cintas Corporation | 21-50794 |
| Cleveland Mack Sales, Inc. dba Performance Truck - Cleveland | 21-50601 |
| Connection Chemical, LP | 21-50603 |
| Convoy, Inc. | 21-50604 |
| Corp Pipsa SA de CV | 21-50795 |
| Craig Batteries, Incorporated | 21-50608 |
| Crown Equipment Corporation | 21-50797 |
| Custom Pallet Recycling, LLC | 21-50798 |
| Dawn UK Holdco LImited | 21-50799 |
| Day-Star Corporation | 21-50801 |
| Del Earl Downey aka Delbert Downey dba Liberty Batteries and Heavy Duty's Tire and Battery | 21-50887 |
| Dell Inc. | 21-50610 |
| DMP Corporation | 21-50802 |
| Dynaform Technologies, Inc. | 21-50804 |
| EDP Acquisitions, LLC fdba Englander dZignPak LLC | 21-50618 |
| Electronic Environments Co. LLC | 21-50805 |
| Element Fleet Management Corp. | 21-50619 |
| Engineered Distribution Specialties, LLC dba EnDISys | 21-50806 |
| Engineered Equipment Company of Alaska, Inc. | 21-50808 |
| Entergy Corporation | 21-50809 |
| Epiq Class Action & Claims Solutions, Inc. | 21-50810 |
| Equipment Depot, Inc. | 21-50623 |
| ESCA Tech, Inc. | 21-50627 |
| Estes Forwarding Worldwide LLC | 21-50813 |
| Eurofins Calscience, LLC fdba Eurofins Calscience Inc. | 21-50629 |
| FirstEnergy Corp. dba Met-Ed | 21-50814 |
| French Ellison Truck Center, LLC | 21-50815 |
| Froetek-Plastic Technology Corp. | 21-50635 |
| Garage Door Systems, LLC dba Overhead Door Co. of Muncie | 21-50640 |
| Gateway Industrial Power, Inc. | 21-50642 |
| Gerrie Electric Wholesale Ltd | 21-50647 |
| Greg's Cleaning Service, Inc. | 21-50817 |

| | |
|---|---|
| H P Products Corporation | 21-50818 |
| Haley & Aldrich, Inc. | 21-50819 |
| Harshman Machine and Tool Co. | 21-50820 |
| Henke Engineering, LLC | 21-50658 |
| Hohenschild Welders Supply Company | 21-50821 |
| Hoist & Crane Service Group, Inc. | 21-50822 |
| Holcim (US) Inc. | 21-50666 |
| Holland Applied Technologies, Inc. | 21-50667 |
| Hunter's Battery Warehouse, Inc. | 21-50823 |
| IBT, Inc. | 21-50672 |
| Industrial Restoration Systems, Inc. | 21-50674 |
| Innerworkings, Inc. | 21-50675 |
| J & P Vending Pros, Inc. | 21-50824 |
| J and R Manufacturing, Inc. | 21-50825 |
| J. J. Keller & Associates, Inc. | 21-50826 |
| J. Parent Design LLC | 21-50827 |
| Javaid Rahim Bakhsh dba J. Bakhsh Consulting | 21-50828 |
| Jefferson Battery Co., Inc. | 21-50829 |
| Jonjo Transport Refrigeration Ltd, dba Thermo King Eastern Canada | 21-50830 |
| JX Enterprises, Inc. dba JX Peterbilt-Lansing | 21-50831 |
| Kallstrom Engineering Systems AB | 21-50684 |
| Kardon Enterprises, Inc. fdba HML, Inc. aka Hoosier Microbiological Laboratory | 21-50832 |
| KC Cleaning Services LLC | 21-50688 |
| Keppler Steel and Fabricating Inc. | 21-50691 |
| Keramida Environmental, Inc. | 21-50833 |
| KW Plastics | 21-50834 |
| Landis Mechanical Group, Inc. | 21-50617 |
| Lantec Products, Inc. | 21-50835 |
| Liquitech, Inc. | 21-50836 |
| LMA Industrial S.a. | 21-50625 |
| Longhorn International Equipment, Inc. | 21-50626 |
| Louis Padnos Iron and Metal Company dba Padnos | 21-50837 |
| M.A. Industries, Inc. | 21-50838 |
| Management Strategies Group, Inc. | 21-50839 |
| Marsh USA Inc. dba Marsh, Inc. | 21-50636 |
| Masonlift Limited | 21-50840 |
| Matheson Tri-Gas, Inc. | 21-50639 |
| Mersen USA Ace Corp. | 21-50841 |
| Meyer Laboratory, Inc. | 21-50842 |

| | |
|---|---|
| Michigan Kenworth, LLC dba Michigan KW - Dearborn | 21-50843 |
| Micromeritics Instrument Corporation | 21-50649 |
| Mid-America Parts Distributors Corp. | 21-50844 |
| Miles Chemical Company, Inc. | 21-50845 |
| Mil-Spec Packaging of GA., Inc. | 21-50846 |
| Muncie Sanitary District | 21-50654 |
| National Rubber Technologies Corp | 21-50657 |
| Nefab Packaging North Central, LLC | 21-50659 |
| Norfolk Southern Railway Company | 21-50662 |
| Northeast Battery & Alternator, LLC | 21-50664 |
| Northwest Volvo Truck, Inc. dba TEC Portland | 21-50848 |
| Northwest Volvo Trucks, Inc. | 21-50849 |
| Ohio Transmission LLC dba Ohio Transmission & Pump | 21-50850 |
| Open Text Inc. fdba Guidance Software | 21-50673 |
| Pelican Industries & Fabricating Company, Inc. dba Pelican Industries Inc. | 21-50851 |
| Penske Truck Leasing Co., L.P. | 21-50683 |
| Peterson Trucks, Inc. | 21-50852 |
| Philadelphia Scientific LLC | 21-50685 |
| Piedmont National Corporation | 21-50689 |
| Piedmont Risk Management, LLC | 21-50853 |
| Plastic Process Engineering Associates, Inc. dba PPE Associates, Inc. | 21-50854 |
| Process and Power, Inc. | 21-50855 |
| Process Equipment Company dba Proheat Inc. | 21-50694 |
| PSK, L.L.C. dba Overhead Door Company of Cedar Rapids and Iowa City | 21-50856 |
| Regenergy, Inc. | 21-50696 |
| Richardson Molding, LLC | 21-50701 |
| Rope & Plastic Sales (USA) Pty Ltd. | 21-50703 |
| Rosendahl Nextrom GMBH | 21-50704 |
| RT Industrial Companies, LLC | 21-50857 |
| Rush Enterprises, Inc. dba Rush Truck Center-Fontana | 21-50858 |
| Rush Truck Centers of Illinois, Inc. | 21-50706 |
| Rush Truck Centers of Ohio, Inc. dba Rush Truck Center, Dayton & Cincinnati | 21-50707 |
| Rush Truck Centers of Texas, L.P. dba Rush Peterbilt Truck Center, Dallas & Ft. Worth | 21-50708 |
| Safety-Kleen Systems, Inc. | 21-50859 |
| Sanders Mechanical Services | 21-50713 |
| SBMC Atlanta, L.L.C. | 21-50714 |

| | |
|---|---|
| SeaGate Plastics Company | 21-50716 |
| Securitas Security Services USA, Inc. | 21-50718 |
| Shoppas Mid America, LLC | 21-50860 |
| Solar Electric Supply, Inc. | 21-50861 |
| South Texas Truck Centers, LLC dba Mack Trucks of Texas, LLC | 21-50862 |
| Start-All Enterprise Co. | 21-50721 |
| Stauffer Manufacturing Company | 21-50722 |
| STM, Inc. | 21-50723 |
| Stoner Incorporated | 21-50863 |
| Symtrax Corporation | 21-50864 |
| Synterra Corporation | 21-50724 |
| TEC Equipment, Inc. | 21-50865 |
| TEC of California, Inc. dba TEC La Mirad | 21-50866 |
| TestAmerica Laboratories, Inc. | 21-50727 |
| The Kansas City Southern Railway Company | 21-50867 |
| The Knapp Supply Company Inc | 21-50728 |
| The Laureldale Borough Collector | 21-50868 |
| The NPD Group, Inc. | 21-50729 |
| The Parish Group, L.L.C. | 21-50730 |
| The Republic Group Corporation dba The Republic Group | 21-50732 |
| Thomas Anthony Etchart | 21-50869 |
| Thornton & Musso Water Treatment Consultants, Inc. | 21-50734 |
| TNT Battery Company, Inc. | 21-50735 |
| Toyota Material Handling, Inc. dba Toyota Starlift Parts | 21-50870 |
| TranSource, Inc. | 21-50871 |
| Transportation Impact, LLC | 21-50872 |
| Tri-State Truck Center, Inc. | 21-50873 |
| TVH Parts Co. dba Superior Signals Inc. | 21-50740 |
| U. S. Xpress, Inc. | 21-50741 |
| United Rentals, Inc. | 21-50745 |
| UR Services, Inc. | 21-50746 |
| Vandapower LLC | 21-50747 |
| Vanguard Truck Center of El Paso, LLC | 21-50874 |
| Vanguard Truck Centers, LLC fka Volvo and GMC Trucks of Atlanta | 21-50875 |
| Ventura Transfer Company | 21-50876 |
| Vertical Development, Inc. | 21-50877 |
| Victory Packaging, L.P. | 21-50749 |
| Virginia Truck Center of Central Virginia, LLC dba Excel Truck Group fdba Virginia Truck Center | 21-50878 |

| | |
|---|---|
| VISCO2LL, Inc. dba VISCO Supply | 21-50750 |
| Vision Environmental Limited Liability Company | 21-50879 |
| Wabash Industrial Services, LLC | 21-50751 |
| Western Peterbilt, LLC dba Western Truck Center | 21-50880 |
| WestRock Container, LLC dba Kapstone Container Corporation | 21-50881 |
| Westrux International, Inc. | 21-50754 |
| WEX Bank fdba Wright Express Financial Services Corporation | 21-50755 |
| Wildman Business Group, LLC dba Wildman Facility Services | 21-50757 |
| WIN-MAR Freight Management Inc. | 21-50882 |
| Wiring by Wall, inc. | 21-50883 |
| Wirtz Manufacturing Company, Inc. | 21-50758 |
| Wolters Kluwer United States Inc. dba CT Corporation System | 21-50884 |
| Zorch International, Inc. | 21-50885 |

\* 200 Adversary Proceedings

Exhibit "C"

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Exide Holdings, Inc., *et al.*, [1] | Case No. 20-11157 (CSS) |
| Debtors. | (Jointly Administered) |
| Peter Kravitz, as GUC Trustee of the GUC Trust of Exide Holdings, Inc., *et al.*, | |
| Plaintiff, | |
| vs. | Adv. No. See Exhibit "2" |
| Defendants Listed on Exhibit "2", | |
| Defendant. | |

**ORDER ESTABLISHING STREAMLINED PROCEDURES GOVERNING
ADVERSARY PROCEEDINGS WITH TOTAL IN CONTROVERSY GREATER
THAN $75,000.00 BROUGHT BY PLAINTIFF PURSUANT TO SECTIONS
502, 547, 548, 549 AND 550 OF THE BANKRUPTCY CODE**

Upon the *Motion for Orders Establishing Streamlined Governing Adversary Proceedings Brought by Plaintiff Pursuant to Sections 502, 547, 548, 549 and 550 of the Bankruptcy Code*, (the "Procedures Motion")[2] filed by Peter Kravitz, as GUC Trustee of the GUC Trust of Exide Holdings, Inc. (the "Plaintiff" or "Trustee"), by and through his counsel, for entry of a procedures order (the "Procedures Order") pursuant to sections 102(1) and 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 7016, 7026 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), establishing streamlined procedures governing all adversary proceedings with

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are Exide Holdings, Inc. (5504), Exide Technologies, LLC (2730), Exide Delaware LLC (9341), Dixie Metals Company (0199), and Refined Metals Corporation (9311). The Debtors' mailing address is 13000 Deerfield Parkway, Building 200, Milton, Georgia 30004.

[2] Capitalized terms not otherwise defined herein shall have the same meaning ascribed to them as in the Procedures Motion.

total amount in controversy greater than $75,000.00 brought by Plaintiff under sections 502, 547, 548, 549 and 550 of the Bankruptcy Code, which are identified in **Exhibit 2** annexed hereto (each an "Avoidance Action," collectively, the "Avoidance Actions"); and this Court having jurisdiction to consider and determine the Procedures Motion as a core proceeding in accordance with 28 U.S.C. §§ 157, 1331 and 1334; and any objections raised and heard at a hearing at which all parties were permitted to present their arguments and contentions; and it appearing that the relief requested by the Procedures Motion is necessary and in the best interests of the parties; and due notice of the Procedures Motion having been provided; and it appearing that no other or further notice of the Procedures Motion need be provided; and sufficient cause appearing therefor, it is hereby:

**ORDERED**, that the Procedures Motion be, and hereby is, granted in all respects;

and it is further

**ORDERED**, the procedures governing all parties to the Avoidance Actions are as

follows:

## A.  **Effectiveness of the Procedures Order**

1.      This Procedures Order approving the Procedures Motion shall apply to all Defendants in the Avoidance Actions. To the extent a party is subject to this Procedures Order as well as the Procedures Order applicable to those cases with an amount in controversy less than or equal to $75,000.00 in connection with another Avoidance Action, the parties shall meet and confer to decide whether the actions should proceed under one procedures order or the other. If an agreement cannot be reached, the parties may apply to the Court for a resolution.

2.      This Order will not alter, affect or modify the rights of Defendants to seek a jury trial or withdraw the reference, or otherwise move for a determination regarding whether the Court has authority to enter a final judgment, or make a report and recommendation, in an adversary proceeding under 28 U.S.C. § 157, and all such rights of the Defendants shall be preserved unless otherwise agreed to in a responsive pleading.

**B.     Extensions to Answer or File Other Responsive Pleading to the Complaint**

3.    The time to file an answer or other responsive pleading to a complaint filed in an Avoidance Action shall be extended by 60 days such that an answer or other responsive pleading is due within 90 days after the issuance of the summons rather than 30 days after the issuance of the summons.

**C.     Waiver of Requirement to Conduct Pretrial Conference**

4.    Federal Rule of Civil Procedure 16, made applicable herein pursuant to Bankruptcy Rule 7016 and Local Rules 7004-2 and 7016-1 (i.e., pretrial conferences), is hereby waived and not applicable with respect to the Avoidance Actions. Neither the Plaintiff nor any Defendant shall be required to appear at the initial pretrial conference, including any pretrial originally scheduled for August 31, 2021 or any subsequently scheduled pretrial conferences.

**D.     Waiver of Requirement to Conduct Scheduling Conference**

5.    Federal Rule of Civil Procedure 26(f), made applicable herein pursuant to Bankruptcy Rule 7026 (mandatory meeting before scheduling conference/ discovery plan), is hereby waived and is not applicable to the Avoidance Actions. Thus, the parties to the Avoidance Actions shall not be required to submit a written report as may otherwise be required under Federal Rule of Civil Procedure 26(f).

**E.     Discovery, Mediation, and Dispositive Motion Schedule**

6.    The disclosures required under Federal Rule of Civil Procedure 26(a)(1), as incorporated by Bankruptcy Rule 7026 (the "Initial Disclosures") shall be made by the later of 30 days after: (1) the date an answer to a complaint is filed in an Avoidance Action or (2) the Procedures Order is entered on the docket of this Court.

7.    Except as set forth herein, all written interrogatories, document requests and requests for admission, if any, may be served upon the adverse party any time after the service of Initial Disclosures or in conjunction with the service of the Initial Disclosures. All written interrogatories, document requests and requests for admission, if any, must be served upon the adverse party no later than December 15, 2021. Local Rule 7026-2(b)(ii) shall be modified to allow the counsel for Plaintiff and each Defendant serving the discovery request or response to be the custodian of such discovery material.

8.    The parties to the Avoidance Actions shall have through and including March 15, 2022 to complete non-expert written fact discovery, excluding depositions of fact witnesses.

9.    The standard provisions of Federal Rule of Civil Procedure 33, made applicable herein pursuant to Bankruptcy Rule 7033, shall apply to the Avoidance Actions. Responses to interrogatories are due 60 days after service.

10.   The standard provisions of Federal Rule of Civil Procedure 34, made applicable herein pursuant to Bankruptcy Rule 7034, including F.R.C.P. 34(b)(2)(E) regarding production of electronically stored information and Local Rule 7026-3, shall apply to the Avoidance Actions. Document production and responses to document requests are due 60 days after service.

11.   The standard provisions of Federal Rule of Civil Procedure 36, made applicable herein pursuant to Bankruptcy Rule 7036, shall apply to the Avoidance Actions. Responses to requests for admission are due 60 days after service.

12.   Should a discovery dispute arise, the complainant shall file with the Court a letter outlining said issues and forward a copy to chambers. Respondent must reply within two (2) business days. The letter, excluding exhibits, shall be no longer than two (2) pages. The Court shall then inform the parties if it will require a conference call or formal motion.

13.   Any open Avoidance Actions that have not been resolved and/or settled by March 15, 2022 (the "Remaining Avoidance Actions"), shall be referred to mediation. By mutual agreement of the parties to any Avoidance Action, mediation may be conducted prior to March 15, 2022.

14.   Between March 16, 2022 and March 31, 2022, Defendants in the Remaining Avoidance Actions shall choose a mediator from the list of proposed mediators (each a "Mediator," collectively, the "Mediators") qualified to handle these types of Avoidance Actions and is listed on the Register of Mediators and Arbitrators Pursuant to Local Rule 9019-4 (the "Mediator List"), attached to the Procedures Motion as Exhibit D. Concurrently, Defendants in the Remaining Avoidance Actions shall notify Plaintiff's counsel of the Defendant's choice of Mediator by contacting Plaintiff's counsel's paralegal, Laurie N. Miskowiec, in writing, via email at **lmiskowiec@askllp.com** or via letter correspondence addressed to ASK LLP, 2600 Eagan Woods Drive, Suite 400, St. Paul, MN 55121. If a Defendant in a Remaining Avoidance Action does not timely choose a Mediator from the Mediator List and notify Plaintiff's counsel of the same, Plaintiff will assign such Remaining Avoidance Action to one of the Mediators from the Mediator List.

15.   Upon notification of such selection or assignment, the selected Mediator shall have an opportunity to run conflicts checks on the Defendant(s) and, in the event of a conflict, may abstain from the particular mediation.

16.    On April 1, 2022, Plaintiff, working with the Mediators, will commence scheduling mediations. Each Mediator will provide to Plaintiff the dates on which the Mediator is available for mediation and the parties shall cooperate with the Mediators and each other regarding the scheduling of mediations. Plaintiff's counsel shall contact Defendant or Defendant's counsel with a list of proposed dates for mediation provided by the mediator. Mediation will then be scheduled on a first-come, first-served basis.

17.    Plaintiff will give at least 21 days' written notice of the first date, time and place of the mediation in each Remaining Avoidance Action (the "Mediation Notice"), which notice shall be filed on the docket of such proceeding.

18.    Within 7 calendar days after the conclusion of the mediation, the Mediator shall file a report (the "Mediator's Report") in the Remaining Avoidance Action, which shall be limited to stating only whether the Remaining Avoidance Action settled or did not settle.

19.    All mediations of the Remaining Avoidance Actions must be concluded by September 15, 2022.

20.    Should mediation fail to resolve a Remaining Avoidance Action, pursuant to Federal Rule of Civil Procedure 26(a)(2), made applicable herein pursuant to Bankruptcy Rule 7026, disclosures and reports of a) the parties for any issue on which they bear the burden of proof (not including any report by Plaintiff on insolvency) and b) if Defendant intents to provide expert testimony regarding insolvency of the Debtors, such expert report, if any, shall be made to the adverse party within 60 days after the Mediator's Report is filed.

21.    Federal Rule of Civil Procedure 26(a)(2), made applicable herein pursuant to Bankruptcy Rule 7026, disclosures and reports a) of the parties' rebuttal experts, and b) Plaintiff's report on the insolvency of the Debtors, if any, shall be made to the adverse party within 90 days after the Mediator's Report is filed.

22.    All fact and expert discovery, including fact and expert witness depositions, shall be concluded the later of 120 days after the Mediator's Report is filed or on January 13, 2023.

23.    The standard provisions of Federal Rule of Civil Procedure 26(e), made applicable herein pursuant to Bankruptcy Rule 7026, shall apply to the Avoidance Actions with respect to supplementation of discovery responses.

24.    All dispositive motions shall be filed and served by March 15, 2023. The Local Rules governing dispositive motions in adversary proceedings, including Local Rules 7007-1 – 7007-4, shall apply.

F.   **Mediation Procedures and Requirements**

25.   Because the Remaining Avoidance Actions are proceedings before this Court, Delaware is the proper forum for mediation. Local Rule 9019-5 and the Court's mediation order, Delaware Bankruptcy Court General Order re Procedures in Adversary Proceedings, dated April 7, 2004, as amended April 11, 2005 (establishing mediation procedures for all adversary proceedings), shall govern the mediations, except as otherwise set forth herein.

26.   The Mediators shall be required to file disclosures prior to the scheduling of mediation. Local Rule 9019-2(e)(iii)(B) shall apply.

27.   The parties in each Remaining Avoidance Action will participate in the mediation, as scheduled and presided over by the chosen Mediator, in good faith and with a view toward reaching a consensual resolution. At least *one counsel for each party and a representative of each party having full settlement authority* shall attend the mediation in person *except*: 1) a Mediator, in his or her discretion, may allow a party representative to appear telephonically or, 2) the parties may consent to a party representative appearing telephonically. **Any such request to appear telephonically must be made prior to ten (10) business days before the scheduled mediation date, or Defendant is deemed to waive such request.** To the extent a Mediator grants a party's request to appear telephonically, the requesting party is responsible for arranging for and paying any fees associated with teleconference services. Should a dispute arise regarding a Mediator's decision on whether to allow a party representative to appear telephonically rather than in person, a party may apply to the Court, in advance of the mediation, by sending a letter outlining said issues to chambers. The Court may then schedule a conference call to address the issues.

28.   The Mediator will preside over the mediation with full authority to determine the nature and order of the parties' presentations, and the rules of evidence will not apply. Each Mediator may implement additional procedures which are reasonable and practical under the circumstances.

29.   The Mediator, in the Mediation Notice (by language provided to Plaintiff by the Mediator) or in a separate notice that need not be filed, may require the parties to provide to the Mediator any relevant papers and exhibits, a statement of position, and a settlement proposal. In the Mediator's discretion, upon notice (which need not be filed), the Mediator may adjourn a mediation or move a mediation to a different location within the same jurisdiction. The Mediator may also continue a mediation that has been commenced if the Mediator determines that a continuation is in the best interest of the parties.

6

30.     The parties must participate in the scheduling of mediation and mediate in good faith. If the mediator feels that a party to the mediation is not attempting to schedule or resolve the mediation in good faith, the mediator may file a report with the Court. The Court may, without need for further motion by any party, schedule a hearing. If the Court determines that the party is not cooperating in good faith with the mediation procedures, the Court may consider the imposition of sanctions. Additionally, if either party to the mediation is not attempting to schedule or resolve the mediation in good faith, the opposite party may file a motion for sanctions with the Court. Litigation with respect to the issuance of sanctions shall not delay the commencement of the mediation. Sanctions may include, but are not limited to, attorney's fees and costs and Mediator's fees.

31.     Upon notice and a hearing, a party's failure to appear at the mediation or otherwise comply with the Procedures Order with respect to mediation, may result in a default judgment or dismissal being obtained against the party failing to comply with the mediation provisions. The Mediator shall promptly file a notice with the Court when any party fails to comply with the mediation provisions set forth in the Procedures Order.

32.     The fees of the Mediator shall be paid by the Plaintiff on a per case basis. The Mediator's fees shall be fixed as follows:

        (a)     cases with a claim amount (as reflected in the complaint) of less than $250,000: $3,000.00 per case;

        (b)     cases with a claim amount (as reflected in the complaint) equal to or greater than $250,000 and less than $1,000,000: $4,000 per case; and

        (c)     cases with a claim amount (as reflected in the complaint) equal to or greater than $1,000,000: $6,000 per case.

33.     In addition to the fixed fee, the Plaintiff shall pay the Mediator a $250.00 administrative fee (the "Administrative Fee") upon acceptance of appointment. The Plaintiff shall pay one-fourth of the Mediator's mediation fee at least 7 calendar days before the commencement of mediation (the "Pre-Mediation Fee"). If the parties settle prior to mediation, the mediator must be informed of the settlement prior to 7 calendar days before the scheduled mediation, or the Pre-Mediation Fee is non-refundable.

34.     Mediation that is continued for more than one calendar day will be continued on an hourly fee basis at the rate of $500.00 per hour to be paid by the Plaintiff.

35.     Defendants that have multiple Avoidance Actions in the underlying bankruptcy cases against them may mediate all related Avoidance Actions

at one time. The Mediator's fees will be based upon the combined total claim amount for all related Avoidance Actions.

36.  Mediation statements are due seven (7) calendar days prior to the mediation to the Mediator. Unless otherwise directed by the Mediator, the mediation statements shall be shared with the opposing party, except that any party that has confidential information may share the same solely with the Mediator. The Mediator will direct the parties as to further instructions regarding the mediation statements.

37.  Without the prior consent of both parties, no Mediator shall mediate a case in which he/she or his/her law firm represents a party. If a Mediator's law firm represents any Defendant in the Avoidance Actions, then: (a) the Mediator shall not personally participate in the representation of that Defendant; (b) the law firm shall notate the file to indicate that the Mediator shall have no access to it; and (c) any discussions concerning the particular Avoidance Action by employees of the law firm shall exclude the Mediator. The Mediator's participation in mediation pursuant to the Procedures Order shall not create a conflict of interest with respect to the representation of such Defendants by the Mediator's law firm.

38.  The Mediator shall not be called as a witness by any party except as set forth in this paragraph. No party shall attempt to compel the testimony of, or compel the production of documents from, the Mediators or the agents, partners or employees of their respective law firms. Neither the Mediators nor their respective agents, partners, law firms or employees (a) are necessary parties in any proceeding relating to the mediation or the subject matter of the mediation, nor (b) shall be liable to any party for any act or omission in connection with any mediation conducted under the Procedures Order.  Any documents provided to the Mediator by the parties shall be destroyed 30 days after the filing of the Mediator's Report, unless the Mediator is otherwise ordered by the Court.  However, subject to court order, a Mediator may be called as witness by any party and may be compelled to testify on a limited basis in proceedings where it is alleged that a party failed to comply with mediation as is required in the foregoing paragraphs of this Procedures Order. Local Rule 9019-5(d) shall apply.

39.  All proceedings and writing incident to the mediation shall be privileged and confidential, and shall not be reported or placed in evidence.  Local Rule 9019-5(d) shall apply.

## G.   Avoidance Actions Omnibus Hearings

40.  The initial pretrial conference scheduled for August 31, 2021 at 10:00 a.m. (ET) shall be deemed waived. Thereafter, except as otherwise ordered by the Court, the pretrial conference shall be adjourned to quarterly status conferences to be held on the omnibus hearing dates provided by the Court.

All matters concerning any Avoidance Actions shall be heard only at status conferences before the Honorable Christopher S. Sontchi (collectively, the "Avoidance Actions Omnibus Hearings"), at which there may be status conferences, final pre-trial conferences and hearings on motions, if any.

41. Defendants are not required to appear at any Avoidance Actions Omnibus Hearings unless: (a) a motion pertaining to the Defendant's Avoidance Action is calendared to be considered at the Avoidance Actions Omnibus Hearing; or (b) the Court has directed the Defendant to appear. To the extent a Defendant in any Avoidance Action wishes to appear at an Avoidance Actions Omnibus Hearing, and it has not otherwise notified the Plaintiff through a notice of motion, the Defendant or its counsel must notify Plaintiff's counsel of the same, in writing, 5 days prior to said hearing so that Plaintiff may properly prepare to address any issues or concerns at the Avoidance Actions Omnibus Hearing or in advance thereof.

42. Unless the Court orders otherwise, all motions, pleadings, requests for relief or other materials that purport to set a hearing on a date or time other than an Avoidance Actions Omnibus Hearing shall automatically, and without Court order, be scheduled to be heard at the next Avoidance Actions Omnibus Hearing that is at least 30 calendar days after such motion, pleading, request for relief or other materials are filed and served.

43. Plaintiff shall file a report one week prior to each Avoidance Actions Omnibus Hearing setting out the status of each of the Avoidance Actions and shall contemporaneously deliver a copy of the report to the Court's chambers.

44. If, after all discovery has been completed in an Avoidance Action, mediation has concluded but was not successful, and any issues of fact or law remain after dispositive motions, if any, have been decided, the parties to the applicable Avoidance Action shall so inform the Court at the next scheduled Avoidance Actions Omnibus Hearing. At such time, the Court will address additional issues arising subsequent to the Procedures Order, set additional deadlines, if necessary, establish a due date by which the parties must file a joint pretrial order, and schedule a trial on the Avoidance Action that is convenient to the Court's calendar.

## H.    Miscellaneous

45. The Local Rules for the United States Bankruptcy Court for the District of Delaware shall apply, except that the Procedures Order shall control with respect to the Avoidance Actions to the extent of any conflict with other applicable rules and orders.

46. The deadlines and/or provisions contained in the Procedures Order may be extended and/or modified by the Court upon written motion and for good

cause shown or consent of the parties pursuant to stipulation, which stipulation needs to be filed with the Court; and it is further

**ORDERED**, that this Court retains jurisdiction with respect to all matters arising

from or related to the implementation of this Order.

Exhibit "2"

| Defendant Name | Adversary Number |
|---|---|
| Advanced Geoservices Corp. | 21-50561 |
| Almega Environmental & Technical Services, Inc. | 21-50565 |
| Alta Environmental, L.P. fdba Winfield & Associates | 21-50566 |
| American Electric Equipment Company | 21-50567 |
| American Integrated Services, Inc. | 21-50568 |
| Amer-Sil | 21-50569 |
| Anixter Inc. | 21-50570 |
| AP Global Management LLC. | 21-50573 |
| Applied Industrial Technologies, Inc. | 21-50574 |
| Attlin Construction Inc | 21-50576 |
| Automotive Core Supply, Inc. dba ACS, Inc. | 21-50578 |
| Avient Corporation dba PolyOne Distribution | 21-50579 |
| Battery Outfitters, Inc. | 21-50580 |
| Battery Warehouse of Alexandria, Inc. | 21-50581 |
| Best Lucky International Enterprise Corp. | 21-50584 |
| Borg Warner Systems Lugo S.r.l. | 21-50586 |
| Brenntag Mid-South Inc. | 21-50587 |
| Bristol Tennessee Essential Services dba Bristol Tennessee Electric System | 21-50589 |
| BRL Holdings LLC dba Regency Metals | 21-50591 |
| C.T. Sistemi Plastici | 21-50592 |
| Castlerock Environmental, Inc. | 21-50596 |
| Central Industrial Contractors, Inc. | 21-50598 |
| Chad A. Haynes dba Allpak Battery | 21-50599 |
| Climate Engineers, LLC fdba Climate Engineers Inc. | 21-50602 |
| Copps Industries, Inc. | 21-50605 |
| Corpipsa, LLC | 21-50606 |
| Coyote Logistics, LLC | 21-50607 |
| Daramic, LLC fdba Daramic Inc. | 21-50609 |
| Delta-Q Technologies Corp. | 21-50611 |
| DET Logistics (USA) Corporation | 21-50612 |
| DMG20, Inc. fdba Battery Solutions, Inc. | 21-50613 |
| Drummond Company, Inc. dba ABC Coke | 21-50614 |
| Duff & Phelps, LLC | 21-50616 |
| Environmental Recovery Services, Inc. | 21-50621 |

| | |
|---|---|
| Evergy, Inc. fdba Westar | 21-50630 |
| Ferro Magnetics Corporation | 21-50632 |
| Flexport, Inc. | 21-50634 |
| GAP VII GB (KCI) LLC | 21-50637 |
| Gauthier Non-Ferrous Products Inc. | 21-50643 |
| Georgia Power Company | 21-50645 |
| Goodhart Sons, Inc. | 21-50648 |
| Gotcha Transport, Inc. | 21-50650 |
| Grafika Commercial Printing, Inc. dba Grafika Printing, Inc. | 21-50651 |
| Gunter Machine & Tool, LLC | 21-50653 |
| HADI Maschinenbau Ges.mbH | 21-50655 |
| Harcros Chemicals Inc. | 21-50656 |
| Heritage Environmental Services, LLC | 21-50660 |
| Hexacomb Corporation | 21-50663 |
| Hickory Springs Manufacturing Company dba HSM | 21-50665 |
| Husker Battery Service, Corp. fdba H.B.S.C. Metals Brokerage | 21-50668 |
| Hydra-Matic Packing Company, Inc. | 21-50670 |
| Insight Direct USA, Inc. dba Insight Enterprises | 21-50677 |
| Izco Plasticos Industriales, S.L. | 21-50679 |
| J & R Enterprises, LLC | 21-50681 |
| J.M. Bozeman Enterprises, Inc. | 21-50682 |
| KBX Logistics, LLC | 21-50686 |
| Kekst and Company, Incorporated | 21-50690 |
| Lancaster Mold, Inc. | 21-50615 |
| Leoch Battery Pte Ltd | 21-50620 |
| LignoTech USA, Inc. | 21-50622 |
| LinkEx, Inc. | 21-50624 |
| Louisiana Battery Warehouse -- Shreveport, Inc. dba Louisiana Battery Co. | 21-50628 |
| MAC Engineering and Equipment Company, Inc. | 21-50631 |
| MacAllister Machinery Co Inc dba MacAllister Cat Muncie | 21-50633 |
| Mast Trucking Inc | 21-50638 |
| McCormick-Busse, Incorporated dba MBI Media | 21-50641 |
| McMaster-Carr Supply Company | 21-50644 |
| Merrill Lynch & Co., Inc. | 21-50646 |
| Mississippi Lime Company | 21-50652 |
| NorFalco LLC | 21-50661 |
| Oak Press Solutions Inc. | 21-50669 |
| One Gas, Inc. dba Kansas Gas Service | 21-50671 |
| Organizacion Industrial Vega S.A. de C.V. | 21-50676 |

| | |
|---|---|
| P.A.M. Transport, Inc. | 21-50678 |
| Pallet Distributors, Inc. dba E-Pallets, Inc. | 21-50680 |
| Phoenixx, L.P. | 21-50687 |
| Power Designers USA LLC | 21-50692 |
| Premier Magnesia, LLC | 21-50693 |
| PSMG, Inc. dba PACWEST Security Services | 21-50695 |
| Reliable Batteries, Inc. | 21-50697 |
| Re-Man Shack, Inc. IV dba Advantage Power Battery of Oklahoma | 21-50698 |
| Resource Plastics, LLC | 21-50699 |
| Resources Alloys and Metals, Inc. | 21-50700 |
| Roles Marketing International, Inc. | 21-50702 |
| RSR Corporation | 21-50705 |
| Russell Equipment, Inc. | 21-50709 |
| Saia Motor Freight Line, LLC | 21-50710 |
| Sanders Lead Company, Inc. | 21-50711 |
| Scandinavian Steel AB | 21-50715 |
| Sebang Global Battery Co. Ltd. | 21-50717 |
| SMC, LLC | 21-50719 |
| Stalcop, LLC | 21-50720 |
| T and S Trading, Inc. | 21-50725 |
| Tasco, LLC | 21-50726 |
| The Raymond Corporation | 21-50731 |
| The Sourcing Group LLC | 21-50733 |
| Tonolli Canada Ltd | 21-50736 |
| Transportation Products Sales Company, Inc. | 21-50737 |
| TRISTAR Risk Enterprise Management, Inc. | 21-50738 |
| Tri-State Battery Supply, Inc. | 21-50739 |
| Uber Freight LLC | 21-50742 |
| UGI Utilities, Inc. | 21-50743 |
| UL LLC | 21-50744 |
| Veritiv Operating Company | 21-50748 |
| Waller Logistics, Inc. dba Waller Truck Co., Inc. | 21-50752 |
| Water Gremlin Company | 21-50753 |
| Wiese USA, Inc. | 21-50756 |

* 107 Adversary Proceedings

Exhibit "D"

**Mediator List**

1. Ian Connor Bifferato, Esq.
   The Bifferato Firm

2. Lucian B. Murley
   Saul Ewing Arnstein & Lehr LLP

3. Eric Haber
   Law Office of Eric Haber, PLLC

4. Marc Phillips
   Montgomery McCracken Walker & Rhoads LLP

5. Anthony M. Saccullo
   A.M. Saccullo Legal




Fundación Tripartita
PARA LA FORMACIÓN EN EL EMPLEO

UNIÓN EUROPEA
FONDO SOCIAL EUROPEO

| NIF / NIE | | Nº Afiliación Seg. Social | Fecha nacimiento |
|---|---|---|---|
| 25159509Q | | | 26/06/1971 |
| Grupo cotización | | C. Cotiz Centro de trabajo | |
| 1  2  3  4  5  6  7  8  9  10  11 | | | |
| Telefono contacto | | EMAIL | |
| Nivel de estudios (1) | | Categoria profesional (2) | |
| | | | |

(1)– 1. Sin estudios / 2. Estudios primarios /3.Primera Etapa Educación secundaria / 4. FP1, FP2, Bachillerato, BUP /5. Certificado de Profesionalidad / 6.Técnico Superior, FP Superior / 7-Diplomatura-grados/ 8. Licenciado.
(2)- 1.Directivo 2. Mando Intermedio 3.Trabajador cualificado 4.Trabajador con baja cualificación  5.Tecnico

Firma del alumno:


Fdo. _____

Fecha: _____


A la fecha arriba indicada, el trabajador acredita haber recibido el material didáctico del curso de formación PRESENCIAL objeto del presente Anexo, que detallamos a continuación:

-   Indicaciones necesarias sobre el contenido del Cuso de Formación.
-   Claves de acceso y url a la plataforma donde figura el MATERIAL FORMATIVO CON CONTENIDOS DE LA FORMACION: Guía Didáctica, Instrucciones y presentación del curso, modulos formativos y pruebas de autoevaluación de los mismos.

-   Cuestionario de la calidad de la formación.

-   Notas:

-   Este documento debe rellenarse tantas veces como alumnos vayan a realizar el curso indicado.
-   Para ser válido deberá ir firmado por el alumno.
-   Rellene todos los campos en letra mayúscula clara.


| DATES DE LA ACCIÓN FORMATIVA (A RELLENAR POR LA ENTIDAD ORGANIZADORA) | |
|---|---|
| Denominación del curso | |
| | |
| Modalidad | |
| | |
| Fecha de inicio de la acción formativa | |
| | |
| Entidad Organizadora | Centro Impartidor |
| KIRAB CONSULTORES SL | KIRAB CONSULTORES, S.L. |

De conformidad con el Reglamento Europeo de Protección de Datos de Carácter Personal, se le informa que los datos recogidos en este documento y los que pudiésemos necesitar serán incorporados a un fichero, del cual es responsable *KIRAB CONSULTORES, S.L.* pudiendo ser comunicados a otras entidades, con la finalidad de impartir y tramitar la formación objeto del presente documento. En el caso de producirse alguna modificación de sus datos, pedimos nos lo comunique debidamente por escrito. Podrá ejercer sus derechos de acceso, rectificación, cancelación y oposición, en los términos que establece la Ley, a la dirección del centro"








FILED

2021 AUG 10  AM 9: 40

CLERK
U.S. BANKRUPTCY COURT
DISTRICT OF DELAWARE

*Plásticos Industriales, S.L.*
FUNDADA EN 1957

IZCO PLASTICOS INDUSTRIALES, S.L.
Ctra. de Valencia, Km 10 Pol. Santa Fe, nave 13
+34 976 50 54 57  +34 976 50 55 47
50410 CUARTE DE HUERVA (Zaragoza) Spain
www.izcoplasticos.com

**SUBJECT: BANKRUPTCY CASE No. 20-11157 (CSS)**

*ORDER ESTABLISHING STREAMLINED PROCEDURES GOVERNING ADVERSARY PROCEEDING WITH TOTAL IN CONTROVERSY GREATER THAN $75,000.00 BROUGHT BY PLAINTIFF PURSUANT TO SECTIONS 502, 547 548, 549 AND 550 OF THE BANKRUPTCY CODE.*

*Zaragoza (Spain), 27th July 2021*

*Dear Sirs,*

*Last week we received a communication from you regarding the bankruptcy of EXIDE TECHNOLOGIES.*
*We were surprised by the communication because 4 months ago our lawyers replied to the trustee's lawyers with the letter that we attached to you, and with the information that was attached to the letter.*
*In view of this, it seems that the claim of the trustee has little foundation -at least in our opinion, and obviously respecting the work of the trustee and its lawyers-, because we did not benefit from any shortening of deadlines, but our invoices they were paid long after we had made the supplies, and EXIDE did not meet the stipulated payment terms.*

*If you consider that, despite this, there is a basis for the TRUSTEE claim, we need an additional time of one month to prepare our defense and look for a lawyer in the United States to advise us, since we are a small company in Spain.*

*Thank you very much for your understanding.*

*Yours sincerely,*

*LUIS MARIA IZCO*
*luisizco@izcoplasticos.com*
*General Manager*